## JESSE EDGAR v. THE STATE.

### No. 649.    Decided June 1, 1910.

**1.—Local Option—Credibility of Witness.**

The credibility of a State's witness and the weight to be given to his testimony is a question of fact for the jury.

**2.—Same—Indictment—Grand Jury—Deputy Sheriff.**

The fact that the grand juror was a deputy sheriff at the time he served on the grand jury is no disqualification.

**3.—Same—Jury and Jury Law—Witness.**

Where, upon trial of a violation of the local option law, it appeared that two of the jurors had been summoned as witnesses in other cases and had not been used, and it appeared that they were only character witnesses in the cases, one for the State and the other for the defendant, there was no ground for challenge for cause.

**4.—Same—Evidence—Moral Turpitude of Witness—Bill of Exceptions.**

Where, upon trial of a violation of the local option law, the State's testimony was given principally by one witness whom the defendant ostensibly sought to discredit in various ways by showing acts of moral turpitude, but the bill of exceptions did not show the purpose for which this testimony was sought, the same could not be considered on appeal, and there was no error in the court's action in sustaining objections to such testimony.

**5.—Same—Evidence—General Reputation—Bill of Exceptions.**

Where, upon appeal from a conviction of a violation of the local option law, it appeared from the record that the answers to the proposed question as to the general reputation of prosecutor were given by the attacking witnesses, and besides the bill was defective in not showing the purpose of the answers to be elicited, there was no error

**6.—Same—Evidence—General Reputation—Private Opinon.**

Where, upon appeal from a conviction of a violation of the local option law, it appeared from the record that the question with reference to the general reputation of the prosecutor was directed to the private opinion or private belief of the witnesses as to whether or not the prosecutor was worthy of belief on oath, the court correctly sustained an objection thereto. Following Griffin v. State, 26 Texas Crim. App., 157, and other cases.

Appeal from the County Court of Upshur. Tried below before the Hon. Albert Maberry.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and twenty days confinement in the county jail.

The opinion states the case.

*Warren & Briggs,* for appellant.—Cited cases in opinion.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law, his punishment being assessed at a fine of $100 and twenty days imprisonment in the county jail.

The alleged purchaser was Frank Teefteller. Testifying as a wit-

ness he says he knows the defendant, and his place of business is at Big Sandy; that he is running a joint at that place, and on or about the 20th of April, 1909, he went to appellant's joint and purchased a pint of whisky and paid him seventy-five cents for it. This witness was attacked in divers and sundry ways as to his character for veracity and incidentally his character generally, and if the testimony is true, his character is not free from doubt. Appellant denied the transaction. The credibility of the witnesses and the weight to be given their testimony is a matter that our law has left to the arbitrament of the jury, and we do not feel justified in reversing a case for want of sufficient testimony.

1. The indictment was attacked because one of the grand jurors, C. A. Green, who returned the bill, held a commission as deputy sheriff at the time he was on the grand jury. It is urged that this disqualified him from sitting as a grand juror and that he was not authorized to be present with the grand jury when they found the bill. This question has been previously before this court in Edgar v. State and Trinkle v. State, at the present term of the court, and was decided adversely to appellant's contention.

2. Another bill recites J. C. Roberts and C. C. Hogg were on the panel of the jury for the week, and it was made to appear from the return of subpoenas in the cause that each of these jurors were witnesses in the case, having been summoned as such, one by the State and the other by appellant. Appellant called the court's attention to the fact that the jurors had been summoned as witnesses in the case, and asked that they be stood aside and other jurors summoned in their place. The court overruled this request and required appellant to pass upon these jurors. The bill recites that he was required to and did use his challenge upon each of these jurors, leaving him in fact but one challenge independent of the two used on these two jurors, and that this was error, his contention being that he should have had three challenges on jurors other than the two mentioned. The court makes this explanation: "Said parties had each been summoned in similar cases already tried as character witnesses but neither had been called to testify." We are of opinion that in this there was no such error as requires a reversal of the judgment. Seals v. State, 35 Texas Crim. Rep., 138. Judge Hurt in that case held that "The mere fact that a man is summoned as a witness does not make him a witness within contemplation of this statute. A witness, within the meaning of this statute, is one who bears testimony or furnishes evidence of proof, and not one who has merely been summoned to attend as witness. To hold that because a man has been summoned as a witness he would thereby become disqualified to sit as a juror in the case would place it in the power of parties in a great many instances to defeat the object of the special venire. The reason for the law giving a challenge for cause because the proposed juror is a witness can never apply to a

man who has simply been summoned as a witness without any knowledge of any material fact. It is true they placed this man on the stand to prove something about distance, which was altogether immaterial, viewed in the light of the other testimony." The jurors Roberts and Hogg had been summoned in other cases and had not been used, and the court certifies that they had only been summoned as character witnesses in the cases, one for the State and the other for the defendant. Under this state of the record we are of opinion that the remarks of Judge Hurt are applicable, and under the rule in Seals case there was no reversible error committed in this respect.

3. Another bill recites that while Teefteller was testifying for the State he was asked by the defendant the following question: "Were you not accused of stealing?" To which question the State objected. The objection was by the court sustained. Had the witness been required to answer said question he would have answered that he had been accused of stealing. Appellant duly excepted to the ruling of the court and tenders his bill. The bill was approved. The purpose for which this testimony was sought is not stated in the bill. It, therefore, will not be revised.

4. Another bill recites that while the same witness was testifying he was asked by defendant the following question: "Were you not accused of stealing some tools out of the house of J. M. Lockhart, where he had them at Suffolk?" The State objected. The court sustained the objection. The witness would have answered if permitted to do so that he had been accused of stealing the tools. The purpose for which this testimony was sought is not stated.

5. Another bill recites that while the same witness was on cross-examination he was asked the following question: "Have you not been boot-legging whisky about Gilmer, and did you not sell to John Minton some whisky about six weeks ago at Rich Stohle's place of business, in Gilmer?" The State objected and the witness was not permitted to answer. He would have answered, however, the question by stating that he did sell to Rich Stohle whisky at his place of business in Gilmer about six weeks ago, Gilmer being in Upshur County. The object and purpose of this testimony is not stated in the bill.

6. Another bill recites that the same witness was asked on cross-examination by appellant the following question: "How much whisky have you received by express within the last three months?" On the State's objection he was not permitted to answer, but would have answered, had he been permitted to do so, that he had received about four gallons by the American Express Company and one gallon by the Pacific Express Company. The purpose of seeking this testimony is not stated in the bill.

7. Another bill recites that the same witness was asked by appellant on cross-examination the following question: "Is it not a fact that you and Sam Starling had some trouble with Sam Gatling?"

To which he answered, yes. He was then asked the following question: "Is it not a fact that after that trouble you proposed to said Starling that you would join him, and you would waylay said Gatling, and put him out of the way, and did you not in that connection say to said Starling that you would swear anything to carry your point in court?" To the last question the State objected. The objection was· sustained. The witness would have answered, if permitted to do so, in the negative. This bill is too incomplete; does not show the purpose of asking these questions.

8. Another bill recites that the same witness was asked by defendant on cross-examination the following question: "Were you not promised by the ·State's attorney that the cases against you for crap shooting would be dismissed if you would go to Big Sandy, being where defendant lives, and get bills against those fellows down there for selling whisky?" The bill makes this recitation: "Had the witness been required to answer said question defendant does not know what he would have stated." This bill is deficient in not stating the object and purpose of the question or the expected answer, and further, in failing to show what the witness would have answered.

9. Another bill recites that the same witness on cross-examination was asked this question: "Do you not understand that your testimony must be strong enough to convict before you will ever be able to get your $1.50 per day as witness fees for attending court?" This witness would have answered, if permitted to do so, in the affirmative. We are of opinion that this bill is too defective to be considered. It does not state the purpose of asking the question or seeking the answer.

10. Another bill recites that the same witness was asked by appellant on cross-examination this question: "What kind of houses are near or about the defendant's place of business?" The State's objection was sustained. The witness would have answered that said houses near and around the defendant's place of business are dwelling houses; his business is situated in the dwelling portion of town. This bill is in the same condition as those previously mentioned.

11. Another bill recites that Neil Baker, George Venn, Jack Morris and Pete Oneil were asked this question: "Are you acquainted with the general reputation of Frank Teefteller in the community in which he lived during the year 1908 as to whether or not he would steal, and if so, what was said reputation?" On objection by the State the witnesses were not permitted to answer. If permitted, however, to answer, each of the witnesses would have answered as follows: "Yes, I am acquainted with his reputation in the particular mentioned, and it is bad; he has the reputation of being a common thief." This bill was allowed with the following explanation: "Each of said witnesses were permitted to answer the questions as to Frank Teefteller's general reputation for honesty and fair dealing." We are of opinion this bill fails to show why this

testimony was sought or the purpose to be attained by eliciting the expected answer.

12. Another bill recites that Pete O'Neil, Neil Baker and S. W. Starling each testified they knew the reputation of Frank Teefteller for truth and veracity and for honesty and fair dealing in the community in which he lived last year, and that it was bad in both particulars. Then each of the witnesses were asked by defendant the following question: "Now, basing your opinion on the reputation of said Frank Teefteller, is he worthy of belief on oath?" The State objected. The objection was sustained. Witnesses would have answered, if permitted to do so, "He is not." As this question is presented, there was no error. See Griffin v. State, 26 Texas Crim. App., 157; Mayes v. State, 33 Texas Crim. Rep., 33. Judge Hurt delivered the opinion in the Griffin case, supra. That opinion recites, "The State asked each of the following witnesses (naming seven) 'are you acquainted with the reputation of the witness Waters for truth and veracity?' which, being answered in the affirmative, they were further asked if it was good or bad; which, being answered 'good,' they were further asked if he, the said Waters, was entitled to be believed under oath." To each and all of which said questions the defendant excepted for reasons not necessary here to state. After stating the proposition, this language is found in the opinion: "This question is very elaborately discussed by Justice Bell in Boon v. Weathered, 23 Texas, 675. He states the rule to be 'that the inquiry should practically be restricted to the general character of the impeached witness for truth. If the impeaching witness states that he is acquainted with the general reputation of the impeached witness for truth in the community where he lives, he may then properly be asked whether that general reputation is such as to entitle the witness to credit on oath. Any other form of words may be used which do not involve a violation of the cardinal principles that the inquiry must be restricted to the general reputation of the impeached witness for truth in the community where he lives or is best known; and that the impeaching witness must speak from general reputation, and not from his own private opinion.' We are of the opinion that the questions propounded to the impeaching witnesses were not calculated to, nor did they elicit the proper answers; that the questions and answers were violative of the cardinal principles governing this subject. First, the inquiry must be restricted in the general character of the party sought to be impeached; second, that the impeaching witnesses must speak from general reputation, and not from their private opinion, as to whether the character of the impeached witness is good or bad for truth; or as to whether the general reputation of the impeached witness is such as to entitle him to credit on oath."

Appellant relies upon the case of Douglass v. State, 98 S. W. Rep., 840, wherein it was held that the question propounded was im-

properly excluded by the court. In the light of the authorities cited in the Douglass case in support of the ruling, the expected answer was held not the private opinion of the witness in regard to the matter sought, but was in line with the opinion above quoted written by Judge Hurt. As the question was asked of the witness in the Douglass case, the private opinion of the witness was not sought, but the question was so framed as to obtain from the witness an answer that from that general reputation witness was unworthy of belief. The opinion in the Douglass case is based upon the theory that it came within the rule laid down in the Griffin case, supra, and cases cited. With that view of the opinion the Douglass case is correct and not out of harmony with the opinion in this case. We so understand the ruling in the Douglass case.

As the question was propounded to the witnesses in the bill of exception about quoted, it was directed to the private opinion or private belief of the witnesses as to whether or not Teefteller was worthy of belief on oath, It was not directed so as to draw the statement from them as to the general reputation, but was confined to their individual belief. The authorities, as we understand, do not sustain appellant's contention where the question is put as it was in this case.

As the record is presented to us, we are of opinion that some of the questions are so presented that they can not be considered, and those that may be considered present no such error as requires a reversal of the judgment.

The judgment is therefore affirmed.

*Affirmed.*