## INSTRUCTIONS TO JURY IN A WILL CONTEST.

Court of Appeals for Lucas County.

ANNA STRICK ET AL V. JOHN KISS, GUARDIAN OF
JOSEPH KISS, AN INFANT.

Decided, November, 1916.

*Evidence—Preponderance of, Not Sufficient to Set Aside a Will—Presumption of Validity Arising From Probate Must Also be Overcome—Limitation of Testimony of Experts as to Mental Condition of Testator.*

1. In an action to contest the validity of a will it is necessary for the trial judge to charge the jury, by some appropriate language, that the evidence offered against the validity of the will must be sufficient to preponderate over the evidence offered in its support, supplemented by the presumption raised by the statute by virtue of the probate of the will, before the jury will be justified in returning a verdict against the validity of the will.

2. In the examination of a non-expert witness as to the mental condition of the testator, the questions should be restricted to the present opinion of the witness as to the testator's mental condition at the time the witness had him under observation.

*Cornell Schreiber,* for plaintiffs in error.
*Sala & Carabin,* contra.

CHITTENDEN, J.

Error to the court of common pleas.

This action was brought to contest the validity of the will of Joseph Vavrek, deceased. The jury returned a verdict finding that the paper purporting to be the last will of Joseph Vavrek was not his last will and testament, and judgment was entered in accordance with such verdict.

It is claimed that the judgment is erroneous because it is manifestly against the weight of the evidence, and because of error in the admission of evidence and error in the charge of the court.

The court properly instructed the jury that proof of the probate of the will made a *prima facie* case in favor of the defendants of the due attestation, execution and validity of the will, and that the jury would be required to find in favor of its validity, unless such evidence was rebutted by other evidence in the case and by a preponderance thereof. The court then proceeded to charge the jury as to what was necessary to constitute a valid will, and .then charged as follows:

"The burden is upon the contestant to show by a preponderance of the evidence that this writing, already admitted to probate, was not so executed. If you find the preponderance of the evidence with the contestant on this disputed fact, you will not proceed further but return a verdict finding the writing not to be the last will of Joseph Vavrek. But if you find that they have failed to prove this, then you must consider the further evidence."

In the succeeding paragraph of the charge the jury were told, in effect, that a valid will could only be made by a person of sound mind and not under restraint, and that in the case at bar the validity of the will, as regards those qualifications, is evidenced by the will, the proceedings in the probate court and the order admitting the will to probate in that court, but that there was also evidence before the jury which they might consider as tending to rebut and overcome the *prima facie* case. The latter paragraph did not discuss preponderance of evidence, but only stated that there was some evidence tending to rebut the *prima facie* case in favor of the validity of the will. Later in the charge the court said:

"Your verdict will be determined by your conclusion whether a preponderance of evidence exists in favor of the contestants. Preponderance of evidence means evidence which you find worthy of some credibility and of greater persuasive power than the evidence to the contrary. Preponderance exists if you are persuaded more by the evidence upon one side than upon the other side. It exists also when you find evidence worthy of some consideration and no evidence to the contrary."

Again, the court said:

"You are to find each fact according to the weight of the evidence relevant to such fact."

And again:

"Compare the testimony of each witness. Remember the circumstances and surroundings of the witness and parties and thus fairly find where the preponderance of evidence lies. You are not compelled to avouch the truth of the facts you find, but you are obliged to ascertain whether or not there exists in this action a preponderance of the evidence in favor of the facts claimed by the contestant, the plaintiff here. If you find no preponderance you can not find in favor of the plaintiff. If the evidence upon the issue on the trial before you balances equally upon the one side or the other the plaintiff fails. The defendants do not sustain the burden to prove the will by a preponderance of the evidence. If, however, by a preponderance of the evidence you find that Joseph Vavrek was not of sound mind and memory the plaintiff is entitled to a verdict and finding that the will probated was not the last will of the decedent. And if the preponderance of the evidence shows that the will of Joseph Vavrek was executed by the decedent while under restraint then your verdict should find this will not to be his will."

The last quotation is from the concluding paragraph of the court's charge.

It will thus be seen that the charge emphasized the instruction that the verdict was to be governed by the jury's finding upon the preponderance of the evidence, and the preponderance defined in the charge was in accordance with the charge in the trial of ordinary civil actions.

It has been held by the court of appeals of this district in a number of decisions that this is not a correct statement of the law in this respect in the trial of a will contest case. The correct instruction was announced in case No. 150 in the court of appeals, *Carr* v. *Carr,* decided June 30, 1913, as follows:

"It devolved upon the plaintiff to overcome not only the evidence introduced in support of the validity of the will upon the trial, but also the presumption of the validity of the will arising from its being admitted to probate."

This rule was also announced in case No. 164, court of appeals, *Garrett et al* v. *Perrigo et al,* decided January 5, 1914.

This court also applied the rule in a case heard in Cuyahoga county entitled *Blake et al* v. *Smith et al,* decided January 11,

1915, in which case one of the principal errors alleged was a failure to instruct the jury as to the proper effect to be given to the order of probate. In that case we heard additional arguments upon the question, both orally and by brief, and re-examined the question, as a result of which we stated that:

"We adhere to the position that it is necessary for the trial judge in a will contest case to state to the jury that the evidence offered against the validity of the will must be sufficient to preponderate against the evidence offered in its support, supplemented by the presumption raised by the statute by virtue of the probate of the will, before the jury will be justified in returning a verdict against the validity of the will."

This was the principal error inducing a reversal of the judgment entered in the Common Pleas Court of Cuyahoga County in that case.

The rule announced by this court as above indicated is in accordance with, and made mandatory by, the decision of the Supreme Court in *Hall* v. *Hall*, 78 O. S., 415, 416. The journal entry in that case recites:

"That the jury was not instructed, as it should have been instructed, that before they would be entitled to return a verdict setting aside the will they must be able to find that the evidence adduced by the contestant, Charles F. G. Hall, outweighs both the evidence adduced by the defendant, Anne S. Hall, and the presumption arising from the order of the probate court admitting the will to probate as the valid last will and testament of Mercy A. Hall."

For the error of the court in its charge as above indicated the judgment will be reversed.

We find no other prejudicial error in the record justifying a reversal, but inasmuch as the cause is to be remanded for a new trial we call attention to certain evidence that was admitted. Certain non-expert witnesses were asked as to their opinion of the mental capacity of the testator at a time when the testator does not appear to have been under their observation. In the case of *Carr* v. *Carr, supra*, we called attention to the correct rule as to this class of evidence. The question should call for the present opinion of the witness as to the mental condition of the testator

at the time when such person was under his observation. The evidence of such non-expert witnesses is to be limited to the time when they were present and observing the person about whom they are testifying. *Runyon* v. *Price et al,* 15 O. S., 1.

It is claimed on behalf of the defendant in error that the judgment should be affirmed under the doctrine announced in the second syllabus in *McAllister* v. *Hartzell,* 60 O. S., 69. We express no opinion as to whether or not the doctrine of that case is applicable in a will contest case, but even if it were applicable as contended, the state of the evidence as disclosed by the bill of exceptions is not such as to permit this court to dispose of the case under the rule of *McAllister* v. *Hartzell.*

The judgment of the common pleas court will be reversed and the cause remanded for new trial.

RICHARDS, J., and KINKADE, J., concur.