## Will Clemens v. The State.

### No. 4409. Decided March 28, 1917.

**1.—Gaming—General Reputation for Truth—Rule Stated.**

Where, upon trial of gaming, it was shown that the State's witness' reputation was had, the defendant should have been permitted to show that he could not be believed upon oath. Following Bluett v. State, 12 Texas Crim. App., 39; although this was not reversible error in the instant case.

**2.—Same—Argument of Counsel.**

State's counsel should not have indulged in sharp criticism of the defendant in regard to matters touching the question of impeachment, etc.

**3.—Same—Evidence—Other Transactions.**

Upon trial of gaming, transactions about which the defendant was questioned as having occurred in another county some two years prior to the instant transaction should not have been introduced in evidence.

Appeal from the County Court of Kaufman. Tried below before the Hon. J. P. Coon.

Appeal from a conviction oɪ gaming; penalty, a fine of ten dollars. The opinion states the case.

*Bond & Bond,* for appellant.—On question of general reputation: Marshall v. State, 5 Texas Crim. App., 273; Ware v. State, 36 Texas Crim. Rep., 597, and cases cited in opinion.

On question of moral turpitude and other transactions: Haney v. State, 57 Texas Crim. Rep., 158, 122 S. W. Rep., 34; Monroe v. State, 56 Texas Crim. Rep., 444, 120 S. W. Rep., 479; Terrell v. State, 116 S. W. Rep., 569; Waterhouse v. State, 57 Texas Crim. Rep., 590, 124

S. W. Rep., 633; Bain v. State, 38 Texas Crim. Rep., 635, 44 S. W. Rep., 518.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of gambling, his punishment being assessed at a fine of $10.

The State's case was made by the testimony of Steve Anderson, who testified that he and appellant bet at a crap game where a considerable number of other negroes were engaged in the same game, but that appellant was the only one witness remembered as being in the game. This game was at 10 o'clock on the night of October 14th, on the Duke farm. On the occasion mentioned witness said he was driving a jitney for Mr. Bob Crawford, and hauled some negroes from the town of Forney to Mr. Duke's plantation, about three miles northeast of Forney, where a festival was going on and a large crowd of negroes had gathered. The house at which the festival occurred was about two hundred yards from the public road, about two hundred yards from the house and about the same distance from the road there was a crap game going on that night. This witness is flatly contradicted by the defendant's testimony practically as to every fact about which he testified, and his reputation for truth and veracity was impeached by various witnesses. Among other witnesses who testified to the bad reputation of the witness Anderson were Sam Sauls, Clifford Duke, A. H. Saulter, and J. M. Hughes. After proving this bad reputation each was asked the question: "From the general reputation of the prosecuting witness, Steve Anderson, for truth and veracity where he resided, you will please state whether or not that general reputation is such that the prosecuting witness, Steve Anderson, could be believed upon oath." Each witness would have answered that he could not be believed on oath, from the standpoint of general reputation. This was excluded by the court, and the matter properly presented by bills of exception. We are of opinion that this question was legitimate and proper. This rule was laid down and discussed in Boone v. Weatherred, 23 Texas, 675; Bluett v. State, 12 Texas Crim. App., 39; Douglass v. State, 98 S. W. Rep., 840; Ware v. State, 36 Texas Crim. Rep., 597; Marshall v. State, 5 Texas Crim. App., 273; Branch's Crim. Law, at p. 560, for collated authorities. We would not, under the facts, be willing to reverse this judgment for this reason.

Another bill of exceptions recites the facts in a general way, and especially with reference to impeachment and questions asked by the county attorney of appellant. This was followed by rather a sharp criticism by State's counsel of the defendant in regard to these matters, which, we think, was not warranted. Upon another trial this character of argument will be avoided.

It is well enough to state here, in connection with these bills, with-

out reciting or going into them again, that the transactions about which the defendant was questioned as having occurred in Dallas County some two years prior to this transaction, should not have been introduced in evidence; it had nothing to do with his case, and could not possibly have formed the basis of conviction or of impeachment  It occurred in a different county, and practically two years prior to this transaction. Upon another trial that testimony will not be permitted to go to the jury.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*