## FARRELL v. BRAZEE.

*Court of appeals — Jurisdiction in error — Order of common pleas court — Discharging attachment on appeal from justice's court — Petition in error dismissed — In absence of bond — Failure of statutes to provide for bond.*

A motion to discharge an attachment in a justice court was overruled. An appeal from the overruling by the justice, of the motion to discharge the attachment, was taken by the defendant to the court of common pleas under Section 1'0260, General Code, where the attachment was discharged, from which order óf the common pleas court error was prosecuted to the court of appeals. *Held:*

1. That the order of the common pleas court in discharging the attachment was one affecting the substantial rights of a party and was a final order within the meaning of Section 6, Article IV of the Constitution as amended in 1912.

2. That since the chapter relating to proceedings before a justice of the peace upon a review of the findings of the justice on error or appeal is silent as to any bond when error is prosecuted to the court of appeals, and no bond was given, the decision of the questions of error would benefit no one and the petition in error should be dismissed.

3. Whether the sections of the civil code applicable to courts of common pleas may be invoked and the bond provided for in Section 1'1866, General Code, may be given in this kind of case, *quere.*

(Decided June 11, 1917.)

ERROR: Court of Appeals for Cuyahoga county.

*Mr. John B. Kane,* for plaintiff in error.
*Messrs. Stearns, Chamberlain & Royon,* for defendant in error.

LIEGHLEY, J. Farrell brought suit in a justice court and procured an attachment of certain property of the defendant. A motion was made in the justice court to discharge the attachment, which

motion was overruled. An appeal from the overruling by the justice of the peace of the motion to discharge the attachment was taken by the defendant to the court of common pleas, under favor of Section 10260, General Code, commonly known as the "three-day appeal." The court of common pleas, on hearing, discharged the attachment, from which order of the common pleas court error is prosecuted to this court to reverse the same.

Several alleged errors are assigned for review, but we will confine our discussion and decision to but one, which involves the jurisdiction of this court to entertain this proceeding.

Previous to the amendment of the constitution in 1912 the circuit court of Lucas county, in the case of *Nemit* v. *Vargo,* 8 C. C., N. S., 97, held that the circuit court had jurisdiction to review such an order.

The circuit court of Hamilton county, in the case of *Lyon* v. *Phares,* 9 C. C., N. S., 614, held the contrary.

Previous to the said amendment of the constitution the circuit court acquired its jurisdiction by statute. The justice code did not then nor does it now provide for such error proceedings, nor for the giving of a bond to maintain matters in *statu quo* pending the error proceedings. Lucas county circuit held that it had jurisdiction, upon the theory that the provisions of the civil code applicable to courts of common pleas were also applicable to this proceeding. In view of the fact that the justice code contains no section making the provisions of the civil code applicable to courts of common pleas a part of the justice code when error is prosecuted, and contains no reference to the

civil code referred to, we do not understand upon what principle the same may be invoked for the purpose.

However, the constitutional amendment of 1912 conferred upon this court jurisdiction to review any final order of the court of common pleas, and we hold that the order of the court of common pleas in this case discharging the attachment was one that affected the substantial rights of a party and was a final order. But the chapter relating to proceedings before a justice of the peace upon a review of the findings of the justice on error or appeal is silent as to any bond when error is prosecuted to this court. And no bond being provided for, and none having been given, we are called upon to review many assignments of error, the decision of which will be beneficial to neither party and avail no one anything, as the attachment was discharged below and the property was released. The filing of a petition in error does not operate to suspend the judgment of the court of common pleas, nor is this action one included in the section providing for a supersedeas bond. Therefore we think the petition in error should be dismissed for the reasons stated.

Should we be mistaken in this position, and it be proper to invoke the sections of the civil code applicable to courts of common pleas, and the bond provided for in Section 11866, General Code, may be given in this kind of case, the petition in error should be dismissed for the reason that the plaintiff in error has not complied with that section and has failed to give a bond in this case, which is necessary to give us jurisdiction. *Martin* v. *Gun-*

*nison,* 14 O. C. D., 679, affirmed without opinion, 71 Ohio St., 480.

The petition in error is dismissed at the costs of plaintiff in error.

*Petition in error dismissed.*

GRANT and CARPENTER, JJ., concur.