Dunlap, P. J.
Error is prosecuted in this cause from the action of the court of common pleas of Lorain county, which sustained a demurrer to the petition of the plaintiff, the ground of the demurrer being that the court had no jurisdiction of the person of the defendant or of the subject-matter.
It was alleged in the petition that the defendant issued a policy of insurance to the plaintiff, Lucy F. Bond, thereby insuring her against loss or damage by fire, covering certain property owned by her in Mercer county, Ohio, that the premises were destroyed, and that by reason thereof the defendant was indebted to the plaintiff to the amount set forth in the petition.
As the property was located in Mercer county, and as this action was brought in Lorain county, it was claimed by the defendant, in support of the demurrer, that the court was without jurisdiction, as we have before stated. This contention was made under the statute, Section 11272, General Code. The question arises as to the proper interpretation of this statute, and whether or not service of summons made on an agent of the defendant in Lorain county required the defendant to answer in this action in said county.
To sustain this judgment, learned counsel for the defendant in error are of necessity driven to the claim and contention that the venue for a suit against an .insurance company, under the legislation of Ohio, is limited to the county “where the cause of action or some'part of it arose.” It is claimed that unless the cause of action arose in such county the insurance company can not be sued in the county in which it is situated, or has or had its *41 principal office, or has an office or agent, or in which a summons may be served upon the president, chairman or president of the board of directors or trustees, or other chief officer, even though Section 11272 allows suit to be brought against corporations in general in any county where one of those conditions prevails; that the necessary, prime and sole requisite is that the venue must’be in the county where the cause of action or some part of it arose. This contention is based solely upon certain permissive words in the statute, which are as follows:
“If such corporation is an insurance company, the action may be brought in the county wherein the cause of action or some part thereof arose.”
In our opinion, it is sufficient answer to this contention to point out the fact that if it were not for these permissive words in this section of the statute an Ohio insurance company could not be sued in the county where the cause of action or some part thereof arose, unless one of the situations presented by the preceding clauses of the section in question existed. That is to say, unless the corporation had in such county its principal office, or place of business, or had an office or agent, or unless the county was one in which a summons might be served upon the president, chairman or president of the board of directors or trustees, or other chief officer; and yet it is most apparent that it is desirable that such insurance company could be sued in the county where the cause of action or some part thereof arose, regardless of the coexistence of any one of these other conditions.
*42 It is not necessary to give reasons why such a situation would be deemed desirable on the part of the legislature. We will, however, mention the fact that the necessary witnesses in such a lawsuit would naturally be residents of such county. So we think it quite plain that the legislature, realizing that even with all the generous provisions made for the securing of service upon insurance companies it had omitted to provide for a situation enabling suit to be brought in the county where the cause of action or part thereof arose, regardless of the coexistence of one of the other conditions enumerated, saw fit to remedy what it regarded as an obvious defect in the statute and added thereto these permissive words.
For us to now hold that this added provision limits the venue to the county where the cause of action arose, when there appears such excellent reason for regarding it only as furnishing an additional forum necessary for the speedy and convenient administration of justice, would, as we view it, be doing violence to the plain provisions of this section. There is no statutory rule of construction of which we are aware requiring us to wrench out of this statute the word “may” and substitute for it the word “must,” and, indeed, we think we are positively prohibited from doing so by the careful and discriminating use of the words “must” and “may” in the different sections of the code relating to the venue of actions.
We hold that the venue of this suit is properly laid in Lorain *county, and this judgment is re *43 versed and remanded with instructions to overrule the demurrer to the petition.

Judgment reversed, and cause remanded.

Vickery and Washburn, JJ., concur.