## TOM ROBERTSON V. THE STATE.

### No. 9742. Delivered April 14th, 1926.

**1.—Manufacturing Intoxicating Liquor—Evidence—Declaration of Sheriff —Improperly Received.**

Where, on a trial for manufacturing intoxicating liquors, the sheriff, testifying for the state was permitted to give his reasons for not going to appellant's house and arresting him, when he had arrested Haney, the co-defendant at the still. Such testimony was erroneously admitted. The appellant could not be bound in any particuar by the undisclosed motives of the sheriff.

**2.—Same—Evidence—Impeaching Witness—Improper.**

Where the state on cross-examination of a witness who had testified for appellant disclosed that the witness was engaged in the whiskey business, and also proved by him, other matters wholly disconnected with the case on trial, such evidence was improperly received, the matters disclosed not having been charged against him by indictment or other court proceedings, was not competent for purposes of impeachment.

**3.—Same—Remarks of Court—Held, Improper.**

Where a witness on cross-examination was asked a question by the state counsel, which he said he did not understand, it was improper for the court to say to the witness, "I think you understand the question. Go ahead and answer it one way or other. I will give you two and one-half minutes to answer the question," the court thereupon pulling his watch out of his pocket. Such conduct on the part of the court was calculated to impress the jury with the idea that the witness was not inclined to testify, or was testifying untruhfully about the matter in question, and was improper.

**4.—Same—Evidence—Impeaching Witness—Erroneously Excluded.**

Where appellant had proven by the witnesses Kinser and Taylor, that the general reputation of Mason, a witness for the state, for truth and veracity in the community in which he resided, was bad, it was error for the court to refuse to permit appellant to prove by Kenser and Taylor further, that the general reputation of Mason was such as would not in-

title him to belief on oath. Following Douglass v. State, 98 S. W. 840, and numerous other cases cited.

### 5.—Same—Continued.

It was not error, however, to refuse to permit appellant to show by witnesses Kinser and Taylor that the general reputation of Mason was such as would not warrant a jury in believing him on oath. Such evidence involved the opinion of witnesses as to what the jury should believe, and was properly excluded.

### 6.—Same—Evidence—Cross-Examination of Appellant—Held Improper.

Where, on cross-examination of appellant, the state asked him why he didn't place old man Dave Campbell on the witness stand and prove that he, Campbell. was looking after appellant's defense, and upon appellant's answer to said question of state to witness, "When you turned your case over to somebody ese, to get the evidence and the law too, you didn't propose to furnish the evidence in this case, did you?" Such cross-examination was very improper, and should not have been permitted.

### 7.—Same—Evidence of Extraneous Matters—Improperly Admitted.

Where the state was permitted to show by the witness, Mrs. Clara Campbell, that about a year before the trial witness went out to look for her boys, and met appellant in his car, and demanded of him to know where her boys were, to which he replied that he would not give her the information, as it would get the boys in trouble, and that appellant appeared to be drinking; such testimony was an attempt on the part of the state to prove an extraneous offense, which did not in any way throw light on the issues involved in this case, and the court was in error in admitting same.

### 8.—Same—Impeaching Appellant—On Immaterial Matters—Improper.

The appellant cannot be impeached on an immaterial matter, and it was error to permit the state to prove by a witness that he and Dave Campbell were in a car with appellant at the time that state witness, Mrs. Campbell, testified that she was looking for her sons, and met appellant in his car and questioned him about her sons.

Appeal from the District Court of Rains County. Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

*Rhodes & Carter* and *Jones & Jones,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, Judge.—The appellant was convicted for unlawfully manufacturing intoxicating liquor, and his punishment assessed at two years in the penitentiary.

It was the contention of the state that the appellant and one Arthur Haney were engaged in the manufacture of intoxicating liquor at the time of the alleged offense,. and the sheriff, Osborn, testified that on the day of the alleged offense, and also a day or two prior thereto, he observed the appellant at the place where the still was found, apparently stirring the mash, but at the time when he found the still in operation and arrested Haney, the appellant was not present. The appellant's defense was an alibi, and he testified that he knew nothing of the still in question and had no interest whatever in same. On each occasion when the state contended that the appellant was present at said still, he testified, and introduced other evidence to the same effect, that he was at another and different place. The record discloses that the still was not found on the premises of the appellant, but upon land belonging to a mortgage company, and was nearer to the Haney home than to the residence of the appellant.

By bill of exceptions No. 3 appellant complains that after the state had introduced Sheriff Osborn as a witness and he had testified to having gone to the still, and to what he had seen there, and to having arrested Haney, the state was then permitted to prove by said sheriff, over objection of the appellant, his reasons for not then going to the home of the appellant at said time. We think this testimony was improperly admitted for the reason that the appellant could not be bound in any particular by the undisclosed motives of the sheriff.

In bill No. 5 complaint is made to the action of the court in permitting the state, on cross-examination of the appellant's witness, Davidson, to ask the following question: "I will ask you if you have not been in the whiskey business yourself? I will ask you if you and Hogg Scott have not been partners in the whiskey business yourself and Hogg has been arrested? Isn't it true that you and Hogg Scott have been making whiskey, is it true or not?" To which question the witness replied: "I don't believe I understood it." The court then stated to the witness: "I think you understand the question, go ahead and answer the question one way or other. You understand the question, Mr. Davidson, answer it one way or other; I will give you two and one-half minutes (at this juncture the court pulled his watch out of his pocket) to answer that question one way or other." Witness then replied to the question: "Yes, sir, I guess so." To all of said actions, answers and procedure appellant properly objected and said objections were overruled by the court. We think it was clearly improper to permit the state to ask a witness about being in the whiskey business, and con-

cerning other matters wholly disconnected with the case on trial, and that this was not a proper manner of impeaching the witness, since the matters involved were not shown to have been charged against him by indictment or other court proceedings. We are also of the opinion that the action of the court in timing the witness and making the above statement in the presence of the jury was calculated to impress the jury with the idea that the court was of the opinion that the witness was not inclined to testify, or was testifying untruthfully about the matters in question.

In bill of exceptions No. 8 complaint is made of the refusal of the court to permit appellant to show by the witness Kinser that the general reputation of the state's witness Mason for truth and veracity was such as would not entitle him to belief on oath. The bill discloses that Mason had testified in behalf of the state concerning appellant's connection with the alleged manufacture of the whiskey in question, and that the appellant proved by the witness Kinser that the general reputation of Mason for truth and veracity in the community in which he resided was bad. Appellant then proposed to prove by said Kinser that the general reputation of Mason was such as would not entitle him to belief on oath, which testimony the court excluded. We are of the opinion that the court was in error. In Douglas v. State, 98 S. W. 840, this court, through Judge Brooks, held that the trial court was in error in refusing to permit the appellant to propound to the witness Roberts, after he had testified that the general reputation of the witness Davis was bad, and have said witness Roberts answer the following question: "From the reputation of the prosecuting witness, Willie Davis, in the community in which he resides, for truth and veracity, now state to the jury whether or not that reputation is such as that the prosecuting witness, Willie Davis, could be believed upon oath, and also state whether or not his general reputation is such as to entitle prosecuting witness, Willie Davis, to credit upon oath."

By bill No. 10 appellant complains of the action of the court, after the appellant had shown by the witness Taylor that the general reputation of the state's witness Mason for truth and veracity in the community in which he resided was bad, in refusing to permit appellant to show by said witness Taylor that Mason's reputation was such as would not entitle him to belief on oath. We think that the court was in error in refusing this evidence and in refusing to permit the witness Taylor to answer said question. What we have said relative to bill No. 8 applies to this bill also. See Bluitt v. State, 12 Texas Crim.

App. 39; Edgar v. State, 59 Texas Crim. Rep. 495; Douglass v. State, supra; Clemens v. State, 193 S. W. 1066; Moody v. State, 236 S. W. 740.

Bills 9 and 11 complain of the refusal of the court to permit the appellant to show by the witnesses Kinser and Taylor that the general reputation of the state's witness Mason was such as would not warrant a jury in believing on oath. We are of the opinion that there is no error shown in the exclusion of this testimony, because to admit same, in effect, would have permitted the witnesses to give their opinions that the jury should give no consideration to the testimony of said Mason, and would clearly be an invasion upon the rights and prerogatives of the jury.

Bill No. 12 complains of the action of the court in permitting the district attorney to ask the appellant as to why he didn't place "old man Dave Campbell" upon the witness stand and prove that he, Campbell, was looking after the appellant's defense. We think this question was improper, was argumentative and should not have been permitted.

Bill No. 13 complains of the action of the district attorney, after the appellant had testified that he did not want any statement from the Campbell boys relative to his trial and did not ask Campbell's father to get it, on cross-examination to ask appellant: "When you turned your case over you turned it over to somebody else to get the evidence and the law too, did you; you didn't propose to furnish the evidence in this case, did you?" There is no answer shown in the bill, but we think it was error for the district attorney to adopt such tactics in cross-examining the appellant.

By bill No. 14 complaint is made to the action of the court in permitting the state's witness, Mrs. Clara Campbell, to testify to a transaction which took place about a year before the offense in question, to the effect that she armed herself one night with a pistol and went out to look for her boys and met the appellant in his car, whereupon she demanded of him to know where her boys were, to which he replied that he would not give her the information, as it would get the boys in trouble. The witness further testified that she observed at said time that there was something the matter with appellant, from the way he was leaning on the steering wheel and sitting in the car, and she further testified that she asked appellant what he would do if her husband was leading off his, appellant's, little children. Appellant objected upon the ground that all of said testimony was immaterial, was an attempt to prove extraneous offense, to the effect that the appellant was drunk on a public road, and

was a lecture given the appellant by said witness. We think this testimony was inadmissible and did not tend in any way to throw light on the issues involved in the instant case, and the court was in error in admitting same.

We also think the testimony of the state's witness, Dave Campbell, to the effect that he and the witness Mason were in a car with appellant about the time that Mrs. Campbell·testified to the matters complained of in bill No. 14, was inadmissible and was an attempt to impeach the appellant on an immaterial matter.

The appellant lodges an exception to the court's charge on alibi, because the same, as given, is in a negative manner and does not properly cover this issue raised in his defense. In view of another trial, we suggest that the court charge fully the law on alibi, *in lieu* of the charge given.

There are other matters raised in the record, but since they are not likely to occur upon another trial we do not deem it necessary to discuss them in this opinion.

For the errors above mentioned, we are of the opinion that the judgment of the trial court should be reversed and the cause remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.