## B. E. LATHAM v. THE STATE.

No. 13601.   Delivered December 10, 1930.

The opinion states the case.

*R. B. Cross,* of Gatesville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful sale of intoxicating liquor; penalty, one year in the penitentiary.

Of the questions raised only the one discussed is believed to have merit.

Two witnesses testified for the State to the sale of whisky by appellant, while he and his wife gave testimony expressly contradicting these. With the issue of a sale vel non a closely contested one, appellant placed a number of character witnesses before the jury who after qualifying as such and testifying that appellant's reputation for truth and veracity was good, were asked the further question as to whether his reputation in this regard was such as to entitle him to belief as a witness when he was testifying under oath. Objection by the State to this testimony was sustained, which action of the trial court is properly made the subject of bills of exception, which stripped of all verbosity present the naked legal question of whether under the recited circumstances appellant was entitled to prove by properly qualified character witnesses who gave testimony that his reputation for truth and veracity was good, that his reputation in this respect was such as entitled him to belief when testifying under oath as a witness. It is held in an unbroken line of authorities, extending back to our earlier judicial history, that a witness who has properly qualified and answered that the general reputation of a witness for truth is bad may further be asked whether that "general reputation is such as to entitle the witness to credit on oath". Marshall v. State, 5 Tex. App., 273, 294, quoting Boon v. Weathered, 23 Tex., 675. See also on same subject Holbert v. State, 9 Texas App., 221, 35 Am. Rep., 738; Bluitt v. State, 12 Texas App., 39, 41 Am. Rep. 666; Ware v. State, 36 Texas Crim. Rep., 597, 38 S. W., 198; Clemens v. State, 81 Texas Crim. Rep., 113; 193 S. W., 1066; Robertson v. State, 104 Texas Crim. Rep., 89; 282 S. W., 587; Moody v. State, 90 Texas Crim. Rep. 529, 236 S. W., 740.

So far as our examination has gone the rule has been applied only in those cases where there was evidence of a bad reputation, but we perceive no reason for refusing to extend the rule to embrace cases like the present one where the predicate laid shows the good reputation of

the witness in the respect mentioned. Many expressions are found in the cited cases which would support such a conclusion.

To illustrate the practical side of this question: Suppose ten witnesses testify, after properly qualifying, to the bad reputation of witness for truth and veracity and another ten to his good reputation. The first ten might properly be asked and required to answer that the general reputation of the witness was such as to not entitle him to be believed, when testifying as a witness under oath. Could there be any logical reason for denying the right to prove the affirmative of this same precise question by the second ten? It would indeed be strange legal rule that permitted proof the negative but at the same time denied the right to prove the affirmative of the same issue. Doubtless there might come many cases where denial of the right to make such proof would not operate as a reversal, but where the issue before the jury necessarily turns as in this case upon the credibility of the witnesses, there being two against two, the question discussed becomes highly important.

The reasoning of some of the cases which sustain the principle here announced is that the mere presence of proof that a witness' reputation is bad leaves the jury without an exact guide as to the extent to which his testimony should be discredited, whereas precise proof that it is such as not to entitle him to belief under oath furnishes to the jury an exact rule of measurement for their guidance. Without pausing here to analyze its correctness, suffice it to say that such a rule has been too long a part of our law to now disturb and unsettled it by criticism.

Believing it our duty to follow the above authorities, and that the trial court erred in his action rejecting the above evidence, a reversal is ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.