CHRISTY PARASCO V. STATE.

No. 30,491. March 4, 1959.
State's Motion for Rehearing Overruled May 6, 1959.

WOODLEY, Judge, dissented.

*Clyde W. Woody* and *Carl E. F. Dally*, Houston, for appellant.

*Dan Walton*, District Attorney, *Benjamin Woodall* and *Thomas D. White*, Assistants District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is possession of heroin; the punishment, 30 years.

In view of our disposition of this case, a recitation of the facts will not be necessary other than to observe that the state's case is devoid of any proof that the appellant knew that the napkin which he caused to slide off the table and onto the floor contained the heroin which was later found wrapped up therein.

The appellant called the other two persons who were seated with him in the booth at the time in question, and they both testified that the appellant had no knowledge of the presence of the heroin in question. The record being in this condition, it is apparent that if the jury believed either of appellant's witnesses, they would have acquitted him. In order to break the effect of the testimony of these two witnesses, the state called Officer Chavez, who was asked, and properly so, if he knew the general reputation of these two witnesses for truth and veracity and whether it was good or bad. He was then asked, and permitted to answer, over objection, the following question: "In your opinion is the testimony of either one of them under oath worthy of belief?"

This is not a question of first impression. Judge Martin, writing for this court on this question in Latham v. State, 117

Texas Cr. Rep. 226, 33 S.W. 2d 441, said: "Suffice it to say that such rule has been too long a part of our law to now disturb and unsettle it by criticism." The rule here involved is aptly stated in 1 Branch's Ann. P.C. (2nd Ed.), p. 234, sec. 206, as follows:

"After a witness testifies that ˌthe general reputation of another witness is bad for truth, he may be asked if that general reputation is such as to entitle him to belief on oath; *but a party is not entitled to ask if such impeached witness is worthy of belief, as this form of question calls for the private opinion of the witness.* Marshall v. State, 5 App. 293; Holbert v. State, 9 App. 219; Bluitt v. State, 12 App. 39; Griffin v. State, 26 App. 157, 9 S.W. 459; Mayes v. State, 33 Crim. 42, 24 S.W. 421; Ware v. State, 36 Crim. 598, 38 S.W. 198; Douglass v. State, 98 S.W. 840; Edgar v. State, 59 Crim, 495, 129 S.W. 144; Chandler v. State, 60 Crim. 338, 131 S.W. 603; Rhea v. State, 96 Crim. 11, 255 S.W. 757; Howell v. State, 133 Crim, 234, 109 S.W. 2d 1064."

Another statement of the rule is found in Edgar v. State, 59 Texas Cr. Rep. 491, 129 S.W. 141, as follows:

"If the impeaching witness states that he is acquainted with the general reputation of the impeached witness for truth in the community where he lives, he may then properly be asked whether that general reputation is such as to entitle the witness to credit on oath. Any other form of words may be used which does not involve a violation of the cardinal principles that the inquiry must be restricted to the general reputation of the impeached witness for truth in the community where he lives or is best known, *and that the impeaching witness must speak from general reputation, and not from his own private opinion.*"

See also McCormick & Ray, Tex. Law of Evidence, Vol. 1, Sec. 654, p. 494; Chandler v. State, 60 Texas Cr. Rep. 329, 131 S.W. 598; Boon v. Wethered, 23 Texas 675; and Holbert v. State, 9 Texas App. 219.

Upon another trial, the question about Cause No. 71,661, not plead in the indictment, should not be asked. Whenever a question is asked which amounts to an assertion of fact and implies the commission of another offense, its harmfulness cannot be cured by the answer or failure to answer, or by any instruction which the court may give, and reversible error is reflected thereby. McNaulty v. State, 138 Texas Cr. Rep. 317,

135 S.W. 2d 987, and Wharton v. State, 157 Texas Cr. Rep. 326, 248 S.W. 2d 739. We have concluded that the paragraph in the charge in which the court discusses constructive possession is, under the facts of this case, a charge on the weight of the evidence, and appellant's objection thereto on such grounds should have been sustained. We overrule the appellant's complaints as to the indictment.

For the errors pointed out, the judgment is reversed and remanded.

WOODLEY, Judge, dissenting.

The conviction is ordered reversed because a state's witness, who had testified that the reputation of appellant's witnesses Bobbitt and Harris for truth and veracity was bad, was permitted to express the opinion that the testimony under oath of neither was worthy of belief. I am unable to agree.

The rule cited by the majority requires the reputation witness to speak from general reputation and not from his own private opinion.

The proper form in inquiry, it appears, would have been to inquire of the witness who had testified that the general reputation of the defense witnesses was bad for truth, whether that general reputation was such as to entitle them to belief on oath, or whether from his knowledge of such bad reputation he believed the witnesses worthy of belief under oath.

The objection was that the question was improper; that a sufficient predicate had not been laid; that the reputation of the defense witnesses had not been put in issue, and that the state's witness was not qualified "to give that opinion at this time."

That appellant was not complaining because the witness was being asked for his own appraisal of the veracity of the defense witnesses is made clear by the objection.

Assuming that the question was not properly framed and the trial court erred in overruling the objection, the error is not such as to warrant reversal. Mathis v. State, 97 Texas Cr. Rep. 222, 260 S.W. 603; Clemens v. State, 81 Texas Cr. Rep. 112, 193 S.W. 1006; 45 Texas Jur. 141, 142.