**Warren Jack McKNIGHT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43645.**

Court of Criminal Appeals of Texas.

May 19, 1971.

Rehearing Denied June 29, 1971.

W. Alfred Winder, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., George McManus, Bill A. Leonard and R. W. Crampton, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the possession of marihuana. The punishment was assessed by the jury at three years.

The sufficiency of the evidence is challenged. The record reflects that on the 4th day of December, 1969, officers armed with a search warrant went to an apartment in Arlington where the appellant resided and found a vial of marihuana approximately two-thirds full. James Hutchinson testified that he and the appellant occupied the apartment that was searched and that he had left the city on Thanksgiving and was in Florida attending a rock festival at the time of the search. He also testified that the marihuana was not his.

Mike Brake testified that he had lived in the apartment with Hutchinson for a short time and moved out in August of 1969. He also testified that the marihuana found in the apartment was not his.

The man and wife who managed the apartments testified that appellant paid

his rent and they saw him going to and from the apartment and saw him leave the apartment the day of the search. They also testified that there was a lot of traffic in and out of the apartment every night.

The evidence was sufficient for the jury to conclude, as it did, that appellant possessed the marihuana.

■ Next, it is contended that reversible error was committed when the prosecutor was questioning Detective Patterson about Hutchinson's activities and the following transpired:

"Q. All right, sir. So that information, plus your informer telling you who was handling business, that is this fellow McKnight was doing the sale of marihuana handling of it, rather—

"A. Yes, sir.

"MR. WINDER: (Appellant's counsel) I object to that. This is possession, not a sale charge.

"MR. McMANUS: (Prosecutor) Excuse me, Your Honor. I withdraw that."

The court sustained the objection and denied the motion for mistrial.

Before the complained of redirect examination, appellant's counsel had asked Detective Patterson if he had kept the apartment under surveillance, for how long and for what purpose. The officer testified that he had it under surveillance for narcotic drugs for approximately three weeks mostly at night; that he saw the appellant and Hutchinson enter and leave the apartment; that he saw Joe Cheeky, who might have been staying there, going to the apartment and that he had contact with Cheeky about drugs.

On cross-examination, appellant's counsel asked Detective Patterson about who owned the marihuana and if he could state that it belonged to the appellant. Patterson testified that he had information that it belonged to the appellant. The following is reflected in the record:

"Q. (Appellant's counsel) By information?

"A. Yes, sir.

"Q. What is the—

"A. I have an informant.

"Q. You have an informant that said that particular vial with a red top, Ward Drug, belonged to Warren McKnight, is that right?

"A. No, I have an informant that states marijuana in the apartment, or he was observed getting the marihuana from the apartment in the kitchen area.

"Q. Belongs to Warren McKnight?

"A. Yes, sir."

On redirect examination of Patterson it was shown that Hutchinson was out of town. Then the following occurred:

"Q. So being out of town it just left this fellow, McKnight, here, to do business?

"A. Yes, sir.

"Q. Your informer told you that McKnight was the one that was handling the stuff, then?

"A. Yes, sir."

No objection was made to any of this testimony.

The appellant did not ask the court to instruct the jury not to consider the question

and answer about the sale and handling of the marihuana.

In Smith v. State, Tex.Cr.App., 457 S.W. 2d 58, the Court stated the general rule that an error in asking an improper question or in admitting improper testimony can generally be cured or rendered harmless by an instruction from the court, and cited 5 Tex.Jur.2d, Section 437, and McCormick & Ray, Texas Law of Evidence, Volume 1, Section 29.

Further, the appellant first having offered evidence of part of the conversation between Patterson and the informant, the State was entitled to inquire on redirect examination about the same, and to go into the balance of the conversation. See Article 38.24, Vernon's Ann.C.C.P., and Hunter v. State, 468 S.W.2d 96 this day decided.

In addition, the testimony about the appellant handling the business was before the jury without an objection and the asking of the question about the sale does not constitute reversible error. See 5 Tex.Jur.2d, Sections 444–447.

The appellant relies upon Parasco v. State, 168 Tex.Cr.R. 89, 323 S.W.2d 257, where it is stated: "Whenever a question is asked which amounts to an assertion of fact and implies the commission of another offense, its harmfulness cannot be cured * * * by any instruction which the court may give, and reversible error is reflected thereby. * * *"

Evidence brought out by appellant's counsel would indicate a trafficking in narcotics in the appellant's apartment.

From the above it can be seen that the statement made in the Parasco case, supra, should not be applicable in this case.

The proceedings outlined above do not show reversible error. The judgment is affirmed.