RAYMOND ERNEST ADAMS V. STATE

No. 27,449. February 23, 1955

*Dawson & Hatten,* by *Alvin R. Dawson,* Houston, for appellant (on appeal only).

*Dan Walton,* District Attorney, *Eugene Brady,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is sodomy; the punishment, two years.

Officers Smith and Pringle of the Houston police force testified that on the night in question they approached an automobile parked at the curb in a residential section, that they shone their flashlights in the automobile and observed a little boy whose pants and underclothes were down at his ankles and a man with his head face down in the boy's crotch. They stated that when they opened the door the appellant raised up and they could see that the boy's penis was erect.

T. Woods, age nine, testified that he was riding his bicycle on the night in question, that the appellant stopped his automobile and told him to get in, and that when he got in the appellant pulled down his pants and sucked his privates until the officers arrived.

Appellant, testifying in his own behalf, made the following startling explanation of the predicament in which he was found. He stated that he was a musician and accustomed to staying up very late at night, that as he was riding around on the night in question the little boy passed him on his bicycle and spoke, that he ascertained that the boy did not know how to find his way home, that he proceeded with the boy in his auto-

mobile in the direction of a filling station where he hoped to get in touch with the boy's parents, but that on the way he stopped to drink a beer, and that he was bent over feeling on the floorboard for the beer when the officers arrived. He explains the boy's pants being down by saying that he had heard the boy express a desire to relieve himself, but he makes no explanation as to why the boy's penis was erect or why the boy had made no move to get out of the automobile for the purpose of relieving himself.

Only two errors are assigned.

The appellant asked the court to instruct the jury that the boy was an accomplice witness and that they could not find the appellant guilty upon his testimony unless the same was corroborated. We need not here decide whether the facts showed the boy to be an accomplice witness because the state's case independent of the testimony of the boy was sufficient to support the conviction. In McDonald v. State, 138 Texas Cr. Rep. 510, 136 S.W. 2d 816, this court on rehearing, speaking through Presiding Judge Hawkins, said:

"Apparently appellant proceeds on the theory that it is reversible error in all cases where a party is an accomplice witness for the trial court to omit an instruction on the subject. We think this court is committed to the contrary view."

Appellant next contends that reversible error was committed by the asking on cross-examination of the following question of appellant's reputation witness, to-wit:

"Mr. Graham, have you heard in Tulsa, Oklahoma, on September 13th, 1947 this man was charged with sodomy?"

The witness answered, "No," and the court sustained the appellant's objection and instructed the jury not to consider the question for any purpose.

In order to determine whether the asking of the question, in the absence of a showing of bad faith coupled with a negative reply, constitutes reversible error, we must analyze two relatively recent opinions of this court. In Wharton v. State, 157 Texas Cr. Rep. 326, 248 S.W. 2d 739, we held that the asking of similar questions of a reputation witness constituted reversible error because of the form of the questions asked. It should be carefully noted that the questions, which are quoted in part in

the Wharton case, each contained phraseology which was tantamount to an assertion that the event questioned about had actually occurred. The first question contained the phrase, "that occurred," and the last three contained the phrase, "that happened."

In Adams v. State, 158 Texas Cr. Rep. 306, 255 S.W. 2d 513, we attempted to distinguish the Wharton case from the case then under consideration. We shall attempt to make the distinction more understandable. In the Wharton case, supra, we said:

"Some may be harmless and some may be made harmless by a negative answer, but *whenever the question is so stated that it amounts to an assertion of a fact* under the conditions here under discussion *and it implies the commission of another offense,* it may be said that its harmfulness cannot be cured by the answer and seldom by any instruction which the court is able to give the jury. (Emphasis added.)"

We do not conclude that the asking of the simple question above quoted meets the test set forth in the Wharton case nor does it constitute reversible error.

The judgment is affirmed.