William GAINES, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 44941.

Court of Criminal Appeals of Texas.

May 17, 1972.

Rehearing Denied July 12, 1972.

T. M. Reid, Abilene, for appellant.

Ed Paynter, Dist. Atty., Britt Thurman, Asst. Dist. Atty., Abilene, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for murder where the punishment was assessed by the jury at 30 years.

The sufficiency of the evidence is not challenged and a recitation of the facts is deemed unnecessary.

■ In his first ground of error, appellant complains of the introduction of certain unidentified State exhibits. We are merely referred to certain page numbers in the record. The ground is not briefed nor is any argument advanced in connection therewith. The ground of error is clearly not in compliance with Article 40.09 § 9, Vernon's Ann.C.C.P., and presents nothing for review.

■ While the State exhibits are not identified, it appears appellant's complaint is directed to certain pictures of the interior of "The Brown Derby" cafe where the killing occurred. We fail to perceive any reason why these pictures were not admissible. Martin v. State, 475 S.W.2d 265 (Tex.Cr.App.1972); Lanham v. State, 474 S.W.2d 197 (Tex.Cr.App.1972). The photographs were not inflammatory or prejudicial. Their introduction rested within the sound discretion of the trial court.

■ Next appellant complains that in violation of the court's order in limine, the State was permitted to ask certain "Have you heard" questions of his character witnesses who had testified that his reputation as a peaceful and law-abiding citizen was good. Here again, these witnesses are not identified and we are not even referred to any portion of the record where the claimed error or errors occurred. No authorities are cited. The ground of error is not in compliance with Article 40.09, supra, and presents nothing for review.

Prior to trial, the appellant filed a motion in limine seeking to prevent the State from making any reference "in the cross-

examination of the defendant or his witnesses" concerning any misdemeanor conviction not involving moral turpitude "for the purpose of impeaching the defendant's credibility as a witness." The motion appears to have been directed only to the impeachment of the appellant as a witness in his behalf. The motion was granted.

We find nothing in the record to reflect that the State sought to so impeach the appellant. In reading the record, we have discovered several instances where the appellant's character witnesses were asked "Have you heard" questions.

"It has been held that witnesses attesting the good reputation of an accused may, as affecting the weight, credibility and sincerity of their testimony, be asked upon cross-examination as to whether they have heard of acts of the accused inconsistent with that reputation." Smith v. State, 411 S.W.2d 548 at 554 (Tex.Cr.App.1967).

See also Johnson v. State, 459 S.W.2d 637 (Tex.Cr.App.1970); Sanders v. State, 453 S.W.2d 162 (Tex.Cr.App.1970); Whitaker v. State, 421 S.W.2d 905 (Tex.Cr.App. 1968).

As pointed out in Williams v. State, 460 S.W.2d 149 (Tex.Cr.App.1970), " . . . [t]he purpose of the rule is to test the knowledge of the witness concerning the reputation of an accused. See Morton v. State, Tex.Cr.App., 460 S.W.2d 917."

■ It is true that under the provisions of Article 38.29, Vernon's Ann.C.C.P., the fact that a witness has been charged with an offense is inadmissible for the purpose of impeaching him unless the charge has resulted in a final conviction, and such final conviction is one for a felony or one involving moral turpitude. Even then, it must not be too remote. Stephens v. State, 417 S.W.2d 286 (Tex.Cr.App.1967). *Cf.* Bustillos v. State, 464 S.W.2d 118 (Tex. Cr.App.1971).

■ Article 38.29, supra, is not, however, a limitation on impeachment of character witnesses by reference to matters testing their credibility.

"It does not prevent asking a character witness whether he had *heard* about the defendant's having done some specific thing inconsistent with the trait now in question, even though the thing inquired about did not result in a conviction." McClung, Lawyers Handbook For Texas Criminal Practice, p. 139 (1967).

And, this is also true if the thing inquired about does not refer to an offense involving moral turpitude.

■ The rule does not extend so far as to permit character witnesses to testify if they had heard an accused had been charged with speeding, running a red light or minor offenses peculiar to military law. See Pace v. State, 398 S.W.2d 123 (Tex. Cr.App.1966).

The matters about which the character witnesses were asked in the instant case did not run afoul of the decision in Pace v. State, supra.

■ Although acknowledging that he made no objection at the time, appellant complains of the trial judge's sua sponte admonishment not to lead his own witness. He contends the court's actions left the impression the defense counsel was doing "something wrong" and the same was detrimental and harmful to him as the court's instruction was made in the jury's presence. The record does reflect counsel was "leading" his own witness and was doing "something wrong." The trial judge's action was proper. He need not await an objection to properly control the conduct of the trial.

Likewise, there is no merit to appellant's further claim the harm was accentuated when the court subsequently instructed counsel, in the course of a side bar remark, to address any objection he had to the court.

Without citation of authority or argument, appellant advances four separate and

distinct contentions in his last ground of error. This multifarious ground is not in compliance with Article 40.09 § 9, supra, and presents nothing for review.

The judgment is affirmed.