Henry Lee CAREY, Appellant,

v.

The STATE of Texas, Appellee.

No. 51413.

Court of Criminal Appeals of Texas.

June 16, 1976.

---

1. In view of the disposition of this case, it is not necessary to pass upon the question of mandamus.

Bill Pedersen, Jr., Nacogdoches (court appointed on appeal only) for appellant.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of rape. Punishment was assessed by the jury at sixteen years. The prior per curiam opinion of affirmance, see 534 S.W.2d 344, is withdrawn.

The record reflects that the prosecutrix, a college student, was in her car on her way home at about midnight when she realized she was being followed. In an attempt to escape she made a turn down a road and suddenly came to a dead end. She got out of the car, ran through a ditch and went to a street. She was attempting to catch a ride. Appellant and another man picked her up. She thought that they were the ones who had been chasing her. They made racial slurs toward her. Appellant hit and stunned her. She fought him, but he succeeded in getting her blue jeans off and had sexual intercourse with her. Later the other man had sexual intercourse with her. She went to a home and reported the incident. She positively identified appellant as her first attacker.

In the sole ground of error, complaint is made because an improper question was asked of a reputation witness at the punishment stage of the trial when the following occurred:

"Q. (Prosecutor) Mr. Alders, was there an incident sometime in August of 1974, wherein a pistol was exhibited?

"A. Yes, sir.

"Q. Were you present to—"

The form of this question is improper because it implies the commission of another offense. Alders was called by the State after three of appellant's character witnesses gave a negative response to the following question:

"Q. Have you heard about an incident that happened one week before August 27, 1974 where he threatened another fireman with a pistol?"

It is apparent that the State was attempting to prove through the witness Alders that the incident did in fact occur. However, as the record reflects, appellant's objection was sustained by the court, but his motion for mistrial was overruled. The question thus presented is whether or not the error is so harmful that it cannot be cured by an instruction. The following instruction was given to the jury by the trial court:

" . . . Now, the jury is instructed by the Court that you must not consider for any purpose whatsoever the matter which has been presented to you concerning this incident. That is the defendant being involved in a matter concerning threats with a pistol upon the testimony of the witness who just left the stand and you must not in any way consider or refer to the same in any manner in considering or deciding the issue now before you in this case, the punishment. You must proceed in this case as though that matter had not been brought to your attention. I know that each of you will do your best to proceed accordingly. . . ."

The appellant relies upon cases which he interprets as holding that a question's harmfulness cannot be cured by an instruction. In *Clark v. State,* 500 S.W.2d 469 (Tex.Cr.App.1973), this Court held that while it was improper for the prosecutor to ask a witness at the punishment stage, "Are you saying that you are completely aware of this Defendant's police record?" it was not so harmful as to require reversal be-

cause it did not amount to a positive assertion of another offense. In *Ortiz v. State,* 490 S.W.2d 594 (Tex.Cr.App.1973), this Court held the following question to be improper but curable, "Do you know Robert has been in trouble with the law before?" Likewise, in *Longoria v. State,* Tex.Cr.App., 507 S.W.2d 753, this Court held that the reference to an extraneous offense by a witness in response to a question was curable by an instruction to the jury, citing *Bolden v. State,* 504 S.W.2d 418 (Tex.Cr. App.1974), and *White v. State,* 444 S.W.2d 921 (Tex.Cr.App.1969). In *White,* this Court stated:

> "An error in asking an improper question or in admitting improper testimony may be generally cured or rendered harmless by a withdrawal of such testimony and an instruction to disregard the same except in extreme cases where it appears that the question or evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds."

In the instant case, counsel's objection was specifically stated only after inquiry by the court. Just after the prosecutor stated, "Were you present to—," appellant's counsel addressed the court, "Is this matter going to continue to be gone into, your Honor," to which the court replied, "Is there an objection?" After some discussion, the trial court sustained the objection and instructed the jury as set out above. No harm was done to this appellant. The instruction was sufficient to cure the error. The broad statement in *Parasco v. State,* 168 Tex.Cr.R. 89, 323 S.W.2d 257 (1959), which is as follows:

> "Whenever a question is asked which amounts to an assertion of fact and implies the commission of another offense, its harmfulness cannot be cured by the answer or failure to answer, or by any instruction which the court may give, and reversible error is reflected thereby."

is overruled.

The instruction was sufficient to cure the error.

The motion for rehearing is overruled, and the judgment is again affirmed.

ROBERTS, Judge (concurring).

*Parasco v. State,* 168 Tex.Cr.R. 89, 323 S.W.2d 257 (1959), containing the language overruled by the majority, is in the middle of a line of cases including *McNaulty v. State,* 138 Tex.Cr.R. 317, 135 S.W.2d 987 (1940); *Wharton v. State,* 157 Tex.Cr.R. 326, 248 S.W.2d 739 (1952); *Webber v. State,* 472 S.W.2d 136 (Tex.Cr.App.1971), and *Smith v. State,* 513 S.W.2d 823, 828 (Tex.Cr.App.1974). But the question complained of in that case was not of the kind involved in *McNaulty, Wharton* or this case. The opinion enlarged upon the rule stated in *McNaulty,* supra, upon which it was supposedly based. I can concur in the overruling of its language only on the understanding that the *McNaulty* reasoning, as it has been applied, is still valid.

The *McNaulty* Court reviewed the authorities at length and wrote about improper questions:

> "Some may be harmless and some may be made harmless by a negative answer, but whenever the question is so stated that it amounts to an assertion of fact under the conditions here under discussion and it implies the commission of another offense, it may be said that its harmfulness cannot be cured by the answer and seldom by any instruction which the court is able to give the jury."

Thus, in exceptional cases, an instruction to disregard can cure the error in the asking of such improper questions. The case at bar presents the limited exception to the above-stated rule. The objectionable question was not of the "have you heard" variety, but it was directed to a character witness and, taken in context, it did assert the misconduct as a fact. Furthermore, the court's instruction to disregard was most thorough. I conclude that this case falls within the very limited exception to the rule stated in *McNaulty,* supra.

This Court's unanimous opinion in *Webber v. State,* 472 S.W.2d 136 (Tex.Cr.App. 1971) underscores the continued vitality of

the rule stated in *McNaulty,* supra. The Court held that the mere asking of a question which asserted an extraneous shoplifting offense as a matter of fact was reversible error, even though the jury was instructed to disregard.

While continuing to adhere to the rule of *McNaulty* and *Webber,* I agree that this case presents an exception thereto, and that the language of *Parasco* is too broad to admit of the exception. I therefore concur in the opinion of the majority.

ODOM, J., joins in this concurrence.