**Jesse Edward MOFFETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51841.**

Court of Criminal Appeals of Texas.

April 6, 1977.

On Rehearing Sept. 14, 1977.

**438**

Kerry P. FitzGerald, Dallas, for appellant.

Henry Wade, Dist. Atty., Ronald D. Hinds and Norman Kinne, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for aggravated robbery. After finding appellant guilty, the jury assessed his punishment at twelve years.

On March 11, 1974, at 8:30 a. m., the appellant entered a Kroger grocery store in Dallas. After shopping for approximately forty-five minutes he approached the checkout counter and pointed a gun at Vera Parrish, the cashier. Parrish responded to the appellant's demands for money by placing the contents of the cash register and the office drawer in a paper bag. Appellant then left the store.

Appellant's first contention is that the court erred in allowing the State to ask an improper "have your heard" question while cross-examining one of the appellant's character witnesses at the punishment stage of the trial. Specifically, appellant contends that the question constituted an improper assertion of fact. We agree and reverse.

While cross-examining one of appellant's character witnesses, the following occurred:

"Q [By Mr. Kinne, the prosecutor] Have you heard that on September 18th of 1973, that he robbed a woman by the name of Francis Tindall, at the Globe Cleaners at 2430 North Haskell Avenue with a firearm?

"MR. GAY [Defense Counsel]: Your Honor, to which I object. That is a case which is pending trial in this court that the Prosecutor well knows the defendant has entered a plea of not guilty on, and has demanded a trial and is not, has not been adjudicated, and will be adjudicated at a future date by another

jury and is prejudicial that it be brought up before the jury at this time.

\* \* \* \* \* \*

"THE COURT: Overrule the objection.

"MR. GAY: Your honor, note my exception. I don't believe that the Prosecutor—that it is fair that he question this witness about a case which is pending trial, and to state it in terms that he has committed a robbery, when has [sic] not been convicted of it and has not even been given a trial on the case yet.

"THE COURT: What is your objection? It is not clear.

"MR. GAY: My objection is that it is an extraneous offense, that it is prejudicial. It is highly prejudicial and inflammatory, and the sole purpose of putting it before the jury is to create an innuendo Mr. Moffett has committed another robbery, which he has not been tried for and has not been convicted of.

"THE COURT: Overrule your objection."

In *Brown v. State*, 477 S.W.2d 617, 619 (Tex.Cr.App.1972), this Court stated the rule for cross-examining character witnesses:

"The general rule is that, as part of its cross-examination, the State is permitted to ask the character witness if he has heard of a specific act of misconduct. However, the State may not ask whether the witness had personal knowledge of the act, *nor may the question be framed so as to imply that the act has actually been committed* (footnote omitted). (emphasis added)

In this case the prosecutor's question, through its structure and excessive detail, clearly implied that the act had actually occurred. The question is similar to those held to be improper in *Webber v. State*, 472 S.W.2d 136 (Tex.Cr.App.1971); *Pitcock v. State*, 168 Tex.Cr.R. 204, 324 S.W.2d 855 (1959); and *Wharton v. State*, 157 Tex.Cr.R. 326, 248 S.W.2d 739 (1952).

In *Webber*, the question was, "have you heard that Mr. Webber was expelled from Baylor University, when he was caught shoplifting?" 472 S.W.2d, at 137.

In *Pitcock*, the questions were, "Have your heard during your discussions there about this boy's reputation, *about the trouble that he had concerning a DWI conviction in Stephens County in 1953?*" and "Have you heard them discuss *the trouble that he was in in 1951 concerning a DWI conviction in Taylor County, Texas?*" and "Have you ever heard during these discussions anything concerning the trouble *that the defendant was in Wayne Pitcock in 1953 concerning a DWI conviction in Stephens County?*" 324 S.W.2d, at 856 (emphasis in cited opinion).

In *Wharton*, the first improper question was, "Have you heard that he is under another indictment for rape in a separate case on a separate woman *that occurred eight days after this one?*" 248 S.W.2d, at 740 (emphasis in cited opinion). The prosecutor then asked two other witnesses virtually the same question, substituting only the phrase, "that happened eight days after [the] one he is being tried for." *Id.*

The question in this case was, "Have you heard that on September the 18th of 1973, *that he robbed a woman by the name of Francis Tindall at the Globe Cleaners at 2403 North Haskell Avenue with a firearm?*" (emphasis added)

In each of these cases, including the one before us, the prosecutor properly began his question, "Have you heard," but then clearly implied by his choice of words that the incident in fact took place.

All of these cases, including those relied upon by the dissent, make it clear that the rule should look to the implication of the question rather than to the form alone. The dissenting opinion would expressly elevate form over substance. Yet the correct rule is that the question may not imply fact. The dissenters' "form rule" is a derivative rule of thumb; it is not the underlying rule of law.

As this Court said in *Wharton*,

"The privilege of cross-examining a character witness should not be utilized as a vehicle to prove that the defendant is a criminal generally, or that he has been guilty of committing another offense." Id., at 740.

*See also*, Art. 38.29, V.A.C.C.P.

The judgment is reversed and the cause remanded.

DOUGLAS, Judge, dissenting.

Appellant contends that a question to one of his reputation witnesses implied the commission of an extraneous offense. The record shows the following occurred during cross-examination of the witness at the punishment stage of the trial:

"Q. Have you heard that on September the 18th of 1973, that he robbed a woman by the name of Francis Tindall at the Globe Cleaners at 2403 North Haskell Avenue with a firearm?

" * * *

"MR. GAY: My objection is that it is an extraneous offense that is prejudicial. It is highly prejudicial and inflammatory, and the sole purpose of putting it before the jury is to create an innuendo Mr. Moffett has committed another robbery which he has not been tried for and has not been convicted of."

There was no objection that the question was framed to make it a statement of fact that he committed the offense.

That part of the objection that the misconduct referred to was another robbery which "he had not been convicted of" is without merit. There is no requirement that reputation questions relate to final convictions. In *McElroy v. State*, 528 S.W.2d 831 (Tex.Cr.App.1975), the Court wrote:

" 'Have you heard' questions, which confront a character witness with acts inconsistent with the reputation testified to, are not objectionable on the grounds that the conduct referred to did not result in a conviction. *Partida v. State*, Tex.Cr.App., 506 S.W.2d 209; *Gaines v. State*, Tex.Cr.App., 481 S.W.2d 835."

In *Partida v. State*, 506 S.W.2d 209 (Tex.Cr. App.1974), this Court wrote:

"Appellant's only objection to the cross-examination of appellant's character witness was based upon the alleged fact that the question did not relate to final convictions. Such an objection has no merit under Texas law. See *Gaines v. State*, Tex.Cr.App., 481 S.W.2d 835; *Sanders v. State*, Tex.Cr.App., 453 S.W.2d 162. . . ."

In *Brown v. State*, 477 S.W.2d 617 (Tex. Cr.App.1972), this Court set forth a method for cross-examining a reputation witness:

"The requirement in this State is that the question be phrased 'have you heard' that the defendant committed a certain act? If the question is phrased 'do you know' or if it is phrased in such a way as to imply that the act was actually committed, then the question is improper. If the witness is asked if he knows that a certain act was committed, and he answers that he does, then he has testified that the act was committed which would be improper. (Citations omitted)."

The purpose of such questions is to test the credibility of the witness' testimony concerning the defendant's reputation. Thus, since reputation is based on hearsay, the State may properly inquire whether the witness has heard hearsay inconsistent with his opinion. *Brown v. State*, supra. The majority does not distinguish the *Brown* case from the present case. The question taught in *Brown* to be proper was ". . . have you heard that the defendant committed a certain act?" That occurred in the present case.

In the context of cross-examination, it is not objectionable that such questions are leading. In *Brown*, the Court confronted the "risk inherent in the case of any leading question: Namely, that the jury will consider the content of the question as substantive evidence. Recognizing this risk, this Court, as discussed earlier, has restricted the *form* the question may take." (Emphasis supplied).

In the case at bar, the prosecutor properly framed his question in the "have you heard" manner.

This Court has sanctioned reputation questions on cross-examination which had the same thrust as the one in the instant case. In *Brown*, the prosecutor inquired if the witness had heard that defendant "had threatened to kill his wife," and "had beaten his wife," and "had been convicted of driving while intoxicated." We found no error. Does the majority hold that the inclusion of the date in the question in the present case makes it objectionable?

In *Childs v. State*, 491 S.W.2d 907 (Tex. Cr.App.1973), we approved inquiries concerning whether the witness had heard that his son, defendant, "had been indicted for robbery and for possession of marihuana and was living with a prostitute who was also a heroin addict."

In *Carey v. State*, 537 S.W.2d 757 (Tex. Cr.App.1976), this Court, by implication, approved a question which contained as much detailed information concerning the misconduct referred to as does the one in issue. There, the prosecutor propounded the following question to three of appellant's reputation witnesses:

"Have you heard about an incident *that happened one week before August 27, 1974, where he threatened another fireman with a pistol*?" (Emphasis supplied)

We concluded that the form of this question as addressed to the fourth witness was improper solely because it was an attempt to show through the witness that the incident did occur rather than by have you heard that he threatened a fireman with a pistol.

In *Perry v. State*, 164 Tex.Cr.R. 122, 297 S.W.2d 187 (1957), the mother of the defendant was asked if she had heard that he was charged with robbery in May of 1953. The Court held, "The question did not violate the rule which prohibits asking a character witness if he knows of specific acts of misconduct of an accused."

*Webber v. State*, 472 S.W.2d 136 (Tex.Cr. App.1971), is distinguishable. In *Webber*, this Court held that the question "have you heard that Mr. Webber was expelled from Baylor University, *when he was caught shoplifting,*" (emphasis supplied) constituted reversible error because it was framed in such a way that it asserted as a matter of fact that defendant had been caught shoplifting. The question was improper because it referred to two separate events, one of which was not prefaced by "have you heard."

In the instant case, the witness had previously testified as to appellant's good reputation. The State's question was prefaced with the phrase "have you heard" and, therefore, did not imply that the act had actually been committed. No error is shown.

In *Pitcock v. State*, 324 S.W.2d 855 (Tex. Cr.App.1952), the question complained of was a statement that he was in trouble in Taylor County. It was held bad because it made an assertion of fact. The question was: "Have you heard them discuss *the trouble that he was in in 1951 concerning a DWI conviction in Taylor County, Texas*?" (Emphasis supplied). The question in that case was held bad because it asserted a fact that he was in trouble.

In the present case the question does not make an assertion of fact. It is like the questions that have been held to be a proper way to test the knowledge of a witness about the reputation of a defendant.

*Wharton v. State*, 248 S.W.2d 739 (Tex. Cr.App.1952), concerned a question of a reputation witness that the defendant was under indictment for rape "that occurred eight days after this one." That is definitely an assertion of fact and not a proper have you heard question and is, therefore, distinguished from the question in the present case.

There is no showing in the present case that the question was asked in bad faith. To hold that such a question is improper would be contrary to all the previous decisions by the Court. The majority should explain the difference between this and the cases cited above which have been affirmed. What questions may be asked of a reputation witness? One cannot tell.

No error has been shown. The judgment should be affirmed.

ONION, P. J., joins in this dissent.

## OPINION ON STATE'S MOTION FOR REHEARING

ODOM, Judge.

On original submission appellant's conviction was reversed for the asking of an improper question by the prosecutor on cross-examination of a reputation witness. The question asked was:

"Have you heard that on September 18th of 1973, that he robbed a woman by the name of Francis Tindall, at the Globe Cleaners at 2430 North Haskell Avenue with a firearm."

The majority on original submission found that this question, although framed in the approved "have you heard" form, was improper because it implied the act was actually committed, as was the case in *Webber v. State*, Tex.Cr.App., 472 S.W.2d 136; *Pitcock v. State*, 168 Tex.Cr.R. 204, 324 S.W.2d 855; and *Wharton v. State*, 157 Tex.Cr.R. 326, 248 S.W.2d 739. On rehearing we find the questions asked in those cases to be distinguishable from the one asked here.

In *Webber* the question asked was, "[H]ave you heard that Mr. Webber was expelled from Baylor University, *when he was caught shoplifting*?" In *Pitcock* the questions were, "I will ask you if you have heard during your discussions there about this boy's reputation, *about the trouble that he had concerning a DWI conviction in Stephens County in 1953*?"; "Have you heard them discuss *the trouble that he was in in 1951 concerning a DWI conviction in Taylor County, Texas*?" and "Have you ever heard during these discussions anything concerning *the trouble that the defendant was in Wayne Pitcock in 1953 concerning a DWI conviction in Stephens County*?" The question in *Wharton* was, "Have you heard that he is under another indictment for

rape in a separate case on a separate woman *that occurred eight days after this one*?" (Emphasis added throughout.)

In each of these earlier cases the question was improper, not for excessive detail in describing the rumored event inquired about, but because the question, properly begun, went off-course before its completion by the use of other words in the middle of the question that had the effect of negating the unassertive "have you heard," and replacing it with words asserting the matter as fact. In *Webber* it was the added-on phrase, "when he was caught shoplifting." In *Pitcock* it was the use of the phrase, "the trouble that he was in," or "the trouble that he had." In *Wharton* the words "that occurred" injected an assertion of fact.

■ Of course, every case turns on its own facts, and issues, both of whether the question is objectionable and, if so, of whether it may be cured by an instruction to disregard, must be decided after an examination of the circumstances presented. In *Carey v. State*, Tex.Cr.App., 537 S.W.2d 757, we overruled language in *Parasco v. State*, 323 S.W.2d 257, that stated an instruction to disregard could not render harmless an improper question in this line of cross-examination. In *Pitcock* and *Wharton* the objections were overruled by the trial court, but in *Webber* the objection was sustained and the jury instructed to disregard. Thus, in addition to the question in this case being distinguishable from those in *Pitcock*, *Wharton* and *Webber*, the holding in *Webber* was itself put in question by the decision in *Carey*.[1] There is no per se reversible error rule in this area of the law, but today it is enough to say that no error was committed. In contrast to the questions in *Webber*, *Pitcock* and *Wharton*, the one in the instant case did not inject an assertion of fact.

■ Including details of a "have you heard" question does not create an implica-

---

1. *Carey*, however, did not overrule *Webber* outright. Compare the instructions to disregard given in each of those cases. A careful trial judge seeking to remove the harmful effect of an improper question should give a thorough instruction to disregard as was done in *Carey*. See also the concurring opinion in *Carey*, at 759.

tion of fact. Such questions have been upheld against like attack in prior decisions, such as, *Villarriel v. State,* 163 Tex.Cr.R. 654, 295 S.W.2d 222, and *Uresti v. State,* 167 Tex.Cr.R. 189, 319 S.W.2d 340. In *Uresti* the question, "[H]ave you heard that Raul Uresti and one Frank Guerrero broke into the Lackland Drive-In Theater on the 26th day of June, 1956?" was held proper despite the details of the rumored event included in the question. In *Villarriel* on motion for rehearing several questions were upheld as not constituting a direct charge that the incident occurred. The most detailed of those questions, was, "Have you heard that either the night before or within two or three nights before he was arrested on February 2, 1956, that he took a fourteen year-old white girl out in the country and kept her out in the country all night in his car?" The question in the instant case contains no more excessive detail than those approved in *Uresti* and *Villarriel,* and does not constitute a direct charge that the incident occurred. We hold the question in this case was not improper.

The State's motion for rehearing is granted and our prior judgment of reversal is set aside. We will now address appellant's remaining grounds of error.

■ In his second ground of error appellant challenges a question put to him on cross-examination that inquired into the facts surrounding another offense. Appellant had first testified on direct examination that he did not commit the other offense and that he was over 300 miles away when it was committed. Having first testified about the facts surrounding that offense, the State could cross-examine him on the same subject. The ground of error is overruled.

■ In his next two grounds of error, appellant complains of prosecutorial jury argument. In one instance no ruling was secured on the objection, and in the other appellant received all the relief he requested. Nothing is presented for review.

■ Finally, appellant complains of a question put to a probation officer on cross-examination by the State. The record, reflecting the close of direct examination by appellant's counsel through the question challenged on appeal and its answer, is as follows:

"Q. Now, in the event that a person receives, let's say an eight year sentence or a ten year sentence—let's say a ten year sentence and that sentence is probated, and that eight or nine years from the date of the probation, that probation is revoked. What is the length of sentence that the offender is sentenced to in the penitentiary?

"A. Ten years.

"Q. In other words, he does it all even though he may have almost lived out the probation; is that correct?

"A. That is correct.

"MR. KINNE: I am going to object to the word, 'does it all.'

"THE COURT: Overruled.

"MR. GAY: Pass the witness.

CROSS EXAMINATION
BY MR. KINNE:

"Q. Now, Mr. Taylor, if this individual that Mr. Gay has talked to you about had his probation revoked, you don't mean to say—when he said, 'does it all,' you don't mean to say that he goes down there and serves ten years—

"MR. GAY: Excuse me, Your Honor. I object to that. That is something that is not a proper question for examination before the jury, and the law does not permit a delving into that subject before the jury.

"MR. KINNE: He ask [sic] it.

"THE COURT: I am going to sustain the objection unless this witness has shown that he has expertise in the field.

"Q. (By Mr. Kinne): Well, do you know how much time an individual serves, yourself, on a ten year sentence?

"MR. GAY: To which I object, Your Honor.

"THE COURT: On what grounds?

"MR. GAY: On the grounds—may I approach the bench with Mr. Kinne?

"THE COURT: Yes, sir.

(WHEREUPON, counsel approached the bench and a discussion was had out of the hearing of the jury and the court reporter)

"THE COURT: I will sustain that objection.

"Q. (By Mr. Kinne): Alright, Mr. Taylor. With regard to Mr. Gay's request using the words 'does it all,' referring to a ten year sentence, how much time—how much of that sentence he actually served may be left in ten years? Depends upon what the Board of Pardons and Paroles in Austin, Texas decides; is that correct?

"A. That is correct. It could be less, yes."

In his brief appellant acknowledges that no objection was made to the question, but urges fundamental error in light of the court's instructions. It will be noticed that the discussion at the bench was not recorded. Because no objection was raised to the last question, and objections to both prior questions were sustained, we will not presume that the third question was in violation of whatever ruling and instructions may have been given at the bench discussion, and we will not find bad faith. No adverse ruling was secured throughout this line of questioning.

The ground of error is overruled.

The State's motion for rehearing is granted and the judgment is affirmed.

ROBERTS and PHILLIPS, JJ., dissent.

