**Ralph Leslie MAXWELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 60522.

Court of Criminal Appeals of Texas, Panel No. 3.

Feb. 6, 1980.

Rehearing Denied March 26, 1980.

---

1. These matters were vigorously urged by appellant's counsel during argument of the guilt-innocence stage of the trial.

James Kreimeyer, Belton, Gerald M. Brown, Temple, for appellant.

Don S. Caldwell, Jr., County Dist. Atty. and John R. Barnhill, Asst. Dist. Atty., L. L. Geren, James L. Bradley, Sp. Prosecutors, Groesbeck, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for murder. Appellant was originally charged with capital murder. However, he waived indictment and entered a plea of guilty before a jury to the lesser offense of murder. Thereafter, the jury assessed the punishment at life imprisonment.

In his third ground of error, appellant contends that the trial court erred in overruling his objection to the State's improper question to a reputation witness, which question assumed the truth of a specific act of misconduct by appellant.

The record reflects that Wanda Rhodes testified that appellant had a good reputation in the community for being a peaceful, law abiding citizen. Upon cross-examination, the prosecutor asked the witness whether she had heard that, prior to trial, appellant had made threats to people who were to testify against him at trial. The prosecutor asked:

"Q. Have you ever heard of that?

A. [Witness]: I haven't heard of all of it.

Q. Well, you have heard of some of it? You have heard of some of it?

A. Some of it, but it doesn't change my opinion.

Q. *Even though he has made these threats it still doesn't change your opinion?*

A. No, sir, it does not.

Q. *You think he is entitled to threaten witnesses, do you?*

A. It does not change my opinion how—

Q. I am asking you to answer my question 'yes' or 'no.' *Do you think he is entitled to threaten witnesses?*

[Defense Counsel]: Now, Your Honor, on that question he is assuming it to be true and we object to the form of that question.

THE COURT: I am going to overrule the objection, I will let you answer the question.

Q. [Prosecutor]: Will you answer my question?

A. Well, I really don't understand.

Q. *I asked you do you think he is entitled to threaten witnesses?*

A. No, sir." (Emphasis added)

Appellant now contends that he was harmed by the form of the question which the prosecutor used, as it implied that appellant, as a fact, had threatened the witnesses. We agree.

 In *Moffett v. State,* 555 S.W.2d 437 (Tex.Cr.App.1977), we reiterated that as a part of its cross-examination, the State is permitted to ask the reputation witness if he has heard of specific acts of misconduct. The purpose of this is to test the witness' credibility as to the defendant's reputation. See McCormick, Evidence (2d Ed., E. Cleary, et al., ed.) (1972), Sec. 191. However, the State may not ask whether the witness has personal knowledge of the act, *nor may the question be framed so as to imply that the act has actually been committed. Sisson v. State,* 561 S.W.2d 197 (Tex.Cr.App.1978); *Moffett v. State,* 555 S.W.2d 437 (Tex.Cr.App.1977) (Opinion on Rehearing); *Carey v. State,* 537 S.W.2d 757 (Tex.Cr.App.1976) (Opinion on Rehearing); *Brown v. State,* 477 S.W.2d 617 (Tex.Cr. App.1972).

In *Sisson v. State,* supra, we held that reversible error occurred when the State was permitted to ask a reputation witness:

"Have you heard that on August the 7th, 1976, this Defendant with Randy Walker, Kay Miller and Donna Rana *did in fact,* smoke marihuana together, have you heard that?"

■ In the instant case, the prosecutor's questions to the witness were undeniably calculated to assert the matter in issue as fact. Thus, they were highly improper and should not have been asked.

■ We have previously held that in each case wherein such improper questions are asked, such error *might* be cured by the trial court's instruction to the jury to disregard the same. See *Moffett v. State,* supra; *Carey v. State,* supra; *Lovilotte v.*

*State,* 550 S.W.2d 75 (Tex.Cr.App.1977). However, in the instant case, the trial court overruled appellant's objection. Thus, this error requires reversal. This is especially true where, as here, the jury, after appellant's plea of guilty, assessed him the maximum punishment.

Accordingly, the judgment is reversed and the cause remanded for a new trial.