**Jose Galindo NERIO, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 83 110 CR.**

Court of Appeals of Texas,
Beaumont.

Jan. 25, 1984.

Robert J. Kuhn, George Jim Mallios, Kuhn, Mallios & Doyle, Austin, for appellant.

Ronald Earle, Dist. Atty., Austin, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was indicted by a Travis County grand jury for aggravated assault with a deadly weapon alleged to have occurred on or about the 13th day of June, 1981. A jury found him guilty, and the court assessed his punishment at seven years in the Texas Department of Corrections. Notice of appeal was given to the Court of Appeals, Third Supreme Judicial District in Austin. The Supreme Court of Texas, by order entered May 4, 1983, transferred the appeal to this Court.

Appellant's sole ground of error states: "The trial court erred in failing to grant appellant's timely motion for mistrial because of the prejudicial jury argument of the prosecution commenting upon undisclosed prior misconduct of the accused."

Appellant called the witness Schoen and he was asked: "Do you know, or have you heard discussed [appellant's] reputation?" He answered that it was good, and appellant was law abiding.

The State on cross-examination then asked the witness if he had heard that on October 7, 1978, appellant was arrested in Pearsall, Texas, for driving while intoxicated and driving with his license suspended, to which the witness answered, "No". The witness was then asked if he had heard

that on October 13, 1976, appellant was convicted of driving under the influence of liquor and put on probation for two years, to which the witness answered he had not. The witness was then asked if he had heard that on November 22, 1977, "here in Austin, Travis County, he [appellant] was convicted of welfare fraud". Again the witness denied that he had. The witness was asked if he had heard that appellant on "April 10, 1975, here in Austin ... was convicted of driving while intoxicated", to which the witness replied, "I did not." The witness was further asked, "Had you heard that on November 1, 1972, here in Austin, [appellant] was convicted another time of driving while intoxicated?" Again the response was, "No, sir, I had not." Again, "Had you heard that back in June—on June 11, 1971, here in Austin, [appellant] was arrested for driving under the influence of liquor?" The response: "No, sir, I had not." And yet again, "[L]et me ask you if you had heard that on December 14, 1972, [appellant] was convicted of the felony offense of forgery and passing?" The response: "No, sir, I had not."

In his argument to the jury, the prosecutor said:

> "He brought a man up here, his employer, Mr. Schoen, who seemed like a very nice gentleman, and I have no quarrel with him—to testify that Mr. Nerio [appellant] has a good reputation in this community, from what I know; a good reputation for being a peaceable and law-abiding guy, and yet that reputation witness showed his qualifications by stating that no, he had never heard, over the last 11 years, Mr. Nerio [appellant] had had five DWIs, one driving while license suspended, one conviction for welfare fraud, and one conviction for felony forgery."

For the first time, appellant's attorney objected, as follows:

> "Your Honor, I am going to object to that for improper argument.
>
> "There is not one ounce of evidence—not one, of any offense that this man has ever committed, before this jury.
>
> " . . .

> "THE COURT: Just one minute, please.
>
> "Ladies and gentlemen of the jury, the evidence was admitted before you for the purpose of aiding you, if it does, in passing upon the credibility of the witness and the defendant in this case, and restrict your argument to that portion of the charge.
>
> " . . .

> "[APPELLANT'S ATTORNEY]: I want to make a motion for a mistrial—
>
> "THE COURT: It will be denied....
>
> "The jury is instructed not to consider that argument for any purpose other than that as given in the instructions in the charge.
>
> \*　　\*　　\*　　\*　　\*　　\*

> "[APPELLANT'S ATTORNEY]: Your Honor, I object. There was not any evidence admitted. It was not admitted. There was no evidence of any offense.
>
> "THE COURT; I have ruled upon the argument, and I ask you, please, do not go into it any further."

▮ Needless to say, the State never proved any of the convictions enumerated in its "have you heard" question. Such questions ("have you heard") are proper but only if it "be shown that he [defendant] had committed the act about which the witness is asked, not a mere asking if the witness did not know that the accused had committed such act, without as a matter of fact showing that he had committed the act." *Henley v. State*, 81 Tex.Cr.R. 221, 195 S.W. 197, 199 (1917). See also, *Daniel v. State*, 550 S.W.2d 72, 74 (Tex.Crim.App. 1977).

In *Johnson v. State*, 633 S.W.2d 888, 891 (Tex.Crim.App.1982), the prosecutor inquired: " 'Mrs. Andrews, have you heard that Mike Johnson ... is accused of sexually assaulting Barbara Burnett at ... in November 1977?' " The Court wrote (at 892), "but it [the error] could only have served to prejudice the jury in its assessment of punishment by 'showing rumors of inadmissible acts of misconduct by the appellant' ...."

It has been held improper for the State to frame the question so as to imply that the act has actually been committed. *Maxwell v. State*, 595 S.W.2d 126, 128 (Tex. Crim.App.1980); *Stephens v. State*, 660 S.W.2d 85 (Tex.Crim.App.1983).

What is the average juror to believe when, as in the case at bar, the prosecutor holds up a piece of paper and asks the witness, "[L]et me ask you if you had heard that on December 14, 1972, [appellant] was convicted of the felony offense of forgery and passing?" See also, *White v. State*, 590 S.W.2d 936 (Tex.Crim.App.1979).

■ We realize it has been said that the purpose of "have you heard" questions is not to show specific instances of bad conduct of accused but rather to test the credibility of the witness. *Livingston v. State*, 589 S.W.2d 395, 400 (Tex.Crim.App.1979). However, the privilege must be used with great care; otherwise, a jury may be influenced by charges that may not be true or, if true, would not otherwise be admissible in evidence.

Judge Douglas, writing for the Court of Criminal Appeals in 1979, *Stone v. State*, 583 S.W.2d 410, 416 (Tex.Crim.App.1979), put it this way:

"It is well settled that 'have you heard' questions, proper in form, may be asked by the State to test the witness' knowledge *if the prosecutor asks the question in good faith believing it has some basis in fact.*" (emphasis added)

See also, *McIlveen v. State*, 559 S.W.2d 815 (Tex.Crim.App.1977); *Brown v. State*, 477 S.W.2d 617 (Tex.Crim.App.1972).

And it is this good faith, grounded on a basis in fact, which the trial court, and the appellate court must determine *from the record.* Perhaps, the best manner to determine this would be "in camera", out of the presence of the jury, and before the State begins its "have you heard" questions.

■ In the case at bar, as noted previously in this opinion, appellant's attorney remained mute during the "have you heard" questions, so he is in no position to complain of them before us. See generally,

*24 TEX.JUR.3d Criminal Law §§ 2964 and 2965* (1982), and authorities cited. And, certainly this, together with the court sustaining an objection to the prosecutor's argument concerning the other illegalities of appellant, cured any defect or harm. See *23 TEX.JUR.3d Criminal Law §§ 2931 and 2932* (1982), and authorities cited. This ground of error is overruled.

The judgment of the trial court is affirmed.

Affirmed.