IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-643-CR




FRANKIE A. SANCHEZ,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT



NO. 18,060, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of voluntary manslaughter and assessed punishment
at imprisonment for twenty years. Tex. Penal Code Ann. § 19.04 (West 1989). We will affirm.

 In his first point of error, appellant contends the district court erred by permitting
jurors to submit written questions to the witnesses. It is now established that such a practice is
error. Morrison v. State, 845 S.W.2d 882 (Tex. Crim. App. 1992). The error was not preserved
for appeal in this cause, however, because appellant did not object at trial. Gonzalez v. State, 852
S.W.2d 102, 106 (Tex. App.--Austin 1993, pet. filed). Point of error one is overruled.

 Appellant's second point of error is that the district court denied him a fair trial by
abandoning its neutral status and acting as an advocate. The incident of which appellant
complains occurred while defense counsel was questioning appellant:



Q. Frankie, at the time you fired these shots, do you think there was any way
you could have avoided this?


A. No, sir.


Q. You have already said you were scared. Did you feel your life was in
danger?


A. Yes, sir.


 THE COURT: Counsel, don't lead the witness.


 MR. KREIMEYER: Your Honor, I object to the Court making objections. 
This is an adversary system and the prosecutor is here to do that and I
object to it.


 THE COURT: Fine. Don't lead the witness, counsel.



 In a similar case, the Court of Criminal Appeals stated that a trial court need not
await an objection to admonish counsel not to lead his witness. Gaines v. State, 481 S.W.2d 835,
837 (Tex. Crim. App. 1972). Appellant seeks to distinguish Gaines on the ground that the
defendant in that case did not object to the court's action. Whatever the merits of this proposed
distinction, it is not applicable here because the objection was not pursued to a ruling. Tex. R.
App. P. 52(a). Further, we are satisfied from an examination of the record as a whole that the
error, if any, was harmless beyond a reasonable doubt. Tex. R. App. P. 81(b). Point of error
two is overruled.

 The judgment of conviction is affirmed.



[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed

Filed: August 11, 1993

[Do Not Publish]