TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00137-CR







William McBride, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0944463, HONORABLE BOB PERKINS, JUDGE PRESIDING








 Over his plea of not guilty, the jury found William Anderson McBride guilty of
murdering his wife (1) and fixed his punishment at ninety-nine years imprisonment together with a
$10,000 fine. The judgment below convicts and sentences McBride accordingly. He appeals on
the seven points of error discussed below. We will affirm the judgment.



THE CONTROVERSY


 McBride testified he found his wife dead in her bed about 7:30 a.m., having last
seen her alive about 3:00 a.m. when he checked on her after arising from his own bed, in another
room, to get a glass of water. She suffered from emphysema and asthma that McBride believed
caused her death. He telephoned 911 when he discovered her body and also called a friend about
the same time to report his wife's death.

 Fire department employees, police officers, and medical technicians responded to
the 911 call. A fireman, the first to arrive, found Ms. McBride in bed without a pulse. He
testified that he and other firemen placed her body on the floor and attempted unsuccessfully to
revive her.

 The evidence established beyond a reasonable doubt, and with no real dispute, that
Ms. McBride died of asphyxiation or strangulation, or both, and not from accidental or natural
causes. Medical opinion testimony was given, without contradiction, that her death was a violent
one as indicated by bruises and other marks on her body that suggested she received them
struggling with her assailant. (2) The evidence was sufficient to justify a belief, beyond a reasonable
doubt, that no intruder had entered the home. Only McBride and his wife were in the dwelling
at the time.

 The evidence that McBride was the assailant was circumstantial only. No motive
is suggested by the evidence. Evidence was introduced of his reputation for truthfulness and a
peaceable nature. A ring worn by McBride some twelve hours after his wife's death was
photographed on his hand and afterwards taken from him. The ring was custom made. McBride
testified he had taken it off before going to bed on the night of the murder. Testimony was given
that its particular configuration and surface matched the marks found on the body. Further
medical testimony established without dispute that the marks could not have been sustained after
she died.

 If certain witnesses were believed by the jury, there were several inconsistencies
in McBride's out-of-court statements, his testimony, and his actions at the time of his wife's
death. These pertain to whether he telephoned 911 as soon as he discovered his wife's body,
whether he and not the firemen moved her body from her bed to the floor, whether he attempted
artificial resuscitation, and a few minor matters.



SUFFICIENCY OF THE EVIDENCE


 McBride contends in points of error one and two that the evidence is legally and
factually insufficient to support his conviction. He points to his testimony concerning his wife's
asthma and emphysema. The jury were free to reject his interested testimony even though the
evidence offered by the prosecution was entirely circumstantial. Keith v. State, 282 S.W. 251,
256 (Tex. Crim. App. 1922). As indicated above, the evidence was overwhelming that the cause
of death was a violent homicide. In his own testimony, McBride negated the possibility that an
intruder caused his wife's death. The jury could reasonably believe that only McBride could have
committed the murder because only that possibility remained after it was established that the death
was a violent homicide and that no one else entered the home. We hold the evidence sufficient
to permit a rational jury to find beyond a reasonable doubt that McBride was the perpetrator and
that such a finding is not contrary to the overwhelming weight of the evidence so as to be clearly
wrong and unjust. Jackson v. Virginia, 443 U.S. 307, 318-19 (1974); Orona v. State, 836
S.W.2d 319, 321 (Tex. App.--Austin 1992, no pet.). We therefore overrule points of error one
and two.

 In point of error three, McBride contends the evidence is insufficient to support his
conviction because the State failed to disprove that he killed his wife from a "sudden passion"
arising from an adequate cause. Conceding he did not request a charge inquiring of the jury in
that regard, McBride contends that is immaterial and his conviction cannot stand because the
burden lay on the State to disprove "sudden passion" even in the absence of a charge in that
regard. We find no authority for that position. In all events, the record is devoid of any kind of
provocation, by anyone, to which McBride might have responded by killing his wife. We
overrule point of error three. Brunson v. State, 764 S.W.2d 888, 894 (Tex. App.--Austin 1989,
pet. ref'd).

 In point of error four, McBride contends the evidence is insufficient to prove that
his "hands" and an "unknown" item were deadly weapons as averred in the indictment. Section
1.07(17)(B) of the Texas Penal Code defines "deadly weapon" to include "anything that in the
manner of its use or intended use is capable of causing death or serious bodily injury." Tex.
Penal Code Ann. § 1.07(17)(B) (West 1994). (3) McBride properly concedes that hands and
unknown objects may be deadly weapons, under this statutory definition, depending upon what
the evidence shows concerning the matter of their use or intended use. Mixon v. State, 804
S.W.2d 107, 108 (Tex. Crim. App. 1991); Turner v. State, 664 S.W.2d 86, 90 (Tex. Crim. App.
1994). He raises a particular theory, however, upon which the evidence is insufficient to show
a "deadly weapon." He urges us to qualify the statute by deleting from it subsection (B), so that
the definition is limited to "anything manifestly designed, made, or adopted for the purpose of
inflicting death or serious bodily injury," as stated in subsection (A). Tex. Penal Code Ann. §
1.07(17)(A) (West 1994). We lack the power to do so. We overrule point of error four. See
Stanul v. State, 870 S.W.2d 329, 332-35 (Tex. App.--Austin 1994, pet. dism'd).



MOTION FOR MISTRIAL 


 When asked her reaction on learning of Ms. McBride's death, a witness answered
as follows: "Well, when I got off the phone I told the person that was standing there next to me
that she did not die a natural death, that Andy [appellant] killed her." The trial judge sustained
defense counsel's objection to the answer and instructed the jury to disregard it. The judge denied
McBride's request for a mistrial. He contends in point of error five that the ruling was reversible
error.

 The issue presented is whether the instruction to disregard was sufficient to cure
the error. We hold it was. As stated in a similar case where a chief deputy sheriff gave his
opinion that the accused was guilty, we believe the answer given here was "not of such character
as to suggest the impossibility of withdrawing whatever prejudicial impression was produced on
the minds of the jury." Huffman v. State, 691 S.W.2d 726, 730 (Tex. App.--Austin 1985, no
pet.). We overrule point of error five.



IMPROPER JURY ARGUMENT


 In his argument to the jury, McBride's counsel remarked that the State has
"hesitated on this lawsuit for three and a half years." The prosecutor rejoined, in his argument,
by stating that nothing in the charge suggested that "[t]he older the case is the less merit it has"
and that McBride's counsel knew the delay was "something that we can't talk about. Whatever
the verdict is, I'll be glad to talk to you when it's over about why it took four and a-half [sic]
years." McBride's objection to the rejoinder was sustained and the trial judge instructed the jury
to disregard it. In point of error six, McBride contends the prosecutor's remark was reversible
error because it indicated to the jury that the State had additional information regarding the case
that would be disclosed after the trial.

 We hold nothing is presented for review. McBride's counsel objected to the
prosecutor's statement. The trial judge sustained the objection and on his own motion instructed
the jury to disregard the statement. There was no adverse ruling by the trial judge. McBride
received all the relief he requested. See Moffett v. State, 555 S.W.2d 437, 443 (Tex. Crim. App.
1977); Silva v. State, 800 S.W.2d 912, 916 (Tex. App.--San Antonio 1990, no pet.). We overrule
point of error six.



INEFFECTIVE ASSISTANCE OF COUNSEL


 McBride's trial counsel did not object to the introduction in evidence of testimony
by several witnesses who were permitted to relate what Ms. McBride told them before her death. 
The hearsay testimony was to the effect that she believed McBride lied to her about "silly"
matters; she did not know before her marriage that she was McBride's fifth wife; contrary to their
prenuptial agreement he failed to pay certain living expenses; he was difficult to live with; and
she did not love him. In addition, trial counsel failed to object to the introduction in evidence of
McBride's custom-made ring after the trial judge refused to suppress the ring following a pretrial
motion and hearing in that regard. In point of error seven, McBride contends these errors
deprived him of reasonably effective assistance of counsel.

 The issues presented are whether trial counsel's representation, judged in its
entirety, fell below an objective standard of reasonableness and whether there is a reasonable
probability that the result of the trial would have been different but for any errors counsel might
have made. Hernandez v. State, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986); Moore v. State,
700 S.W.2d 193, 205 (Tex. Crim. App. 1985), cert. denied, 106 S. Ct 1167 (1986).

 The record is silent regarding trial counsel's reasons for failing to object to the two
kinds of evidence described above. McBride contends the hearsay testimony was harmful because
there was virtually no other evidence of a troubled marriage. We disagree. Evidence to that
effect was given in the form of opinion testimony by two other witnesses, one of them Ms.
McBride's long-time accountant. McBride contends admission of the ring was harmful because
it was "vital" to connect him to the marks on his wife's body. We agree the ring was important
in that regard but a photograph of it was introduced in evidence and he does not suggest the
ground upon which trial counsel might successfully have prevented its introduction in evidence.

 Because the record does not suggest trial counsel's reasons for failing to object to
the evidence summarized above, we may not speculate in that regard. We must presume instead
that trial counsel was in a better position than we to judge the practical aspects of the trial and that
he exercised reasonable professional judgment. See Chambers v. State, 903 S.W.2d 21, 33-34
(Tex. Crim. App. 1995); Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We
therefore cannot find that trial counsel's representation fell below an objective standard of
reasonableness. We need not, in consequence, discuss whether the result of the trial would have
been different but for introduction of the evidence in question. We overrule point of error seven.

 For the reasons given, we affirm the trial-court judgment.



 

 John Powers, Justice

Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: May 29, 1996

Do Not Publish

1.   See Penal Code, 63d Leg., R.S., ch. 399, sec. 1, § 19.02,
1973 Tex. Gen. Laws 883, 913, amended by Act of May 28, 1973, 63d
Leg., R.S., ch. 426, art. 2, § 1, 1973 Tex Gen. Laws 1122, 1123
(Tex. Penal Code Ann. § 19.02, since amended).
2.   The body showed four abrasions on the right upper lip, a
bruised nose, a bruised and swollen right lower eyelid, abrasions
on the right cheek and right side of the mouth, and other bruises
and abrasions on the outside and inside of the lips. Her scalp
had three bruises apparently inflicted by striking against a hard
flat surface. Bruises on the hands and wrists indicated an
attempt to ward off blows.
3.   The offense occurred before September 1, 1994, and is
governed by the law in effect at that time. Penal Code, 73d
Leg., R.S., ch. 900, § 1.07, 1993 Tex. Gen. Laws 3586, 3588. 
Because the Code amendments effective September 1, 1994, have no
substantive effect on this section, the current Code is cited for
convenience.


the objection and on his own motion instructed
the jury to disregard the statement. There was no adverse ruling by the trial judge. McBride
received all the relief he requested. See Moffett v. State, 555 S.W.2d 437, 443 (Tex. Crim. App.
1977); Silva v. State, 800 S.W.2d 912, 916 (Tex. App.--San Antonio 1990, no pet.). We overrule
point of error six.



INEFFECTIVE ASSISTANCE OF COUNSEL


 McBride's trial counsel did not object to the introduction in evidence of testimony
by several witnesses who were permitted to relate what Ms. McBride told them before her death. 
The hearsay testimony was to the effect that she believed McBride lied to her about "silly"
matters; she did not know before her marriage that she was McBride's fifth wife; contrary to their
prenuptial agreement he failed to pay certain living expenses; he was difficult to live with; and
she did not love him. In addition, trial counsel failed to object to the introduction in evidence of
McBride's custom-made ring after the trial judge refused to suppress the ring following a pretrial
motion and hearing in that regard. In point of error seven, McBride contends these errors
deprived him of reasonably effective assistance of counsel.

 The issues presented are whether trial counsel's representation, judged in its
entirety, fell below an objective standard of reasonableness and whether there is a reasonable
probability that the result of the trial would have been different but for any errors counsel might
have made. Hernandez v. State, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986); Moore v. State,
700 S.W.2d 193, 205 (Tex. Crim. App. 1985), cert. denied, 106 S. Ct 1167 (1986).

 The record is silent regarding trial counsel's reasons for failing to object to the two
kinds of evidence described above. McBride contends the hearsay testimony was harmful because
there was virtually no other evidence of a troubled marriage. We disagree. Evidence to that
effect was given in the form of opinion testimony by two other witnesses, one of them Ms.
McBride's long-time accountant. McBride contends admission of the ring was harmful because
it was "vital" to connect him to the marks on his wife's body. We agree the ring was important
in that regard but a photograph of it was introduced in evidence and he does not suggest the
ground upon which trial counsel might successfully have prevented its introduction in evidence.

 Because the record does not suggest trial counsel's reasons for failing to object to
the evidence summarized above, we may not speculate in that regard. We must presume instead
that trial counsel was in a better position than we to judge the practical aspects of the trial and that
he exercised reasonable professional judgment. See Chambers v. State, 903 S.W.2d 21, 33-34
(Tex. Crim. App. 1995); Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We
therefore cannot find that trial counsel's representation fell below an objective standard of
reasonableness. We need not, in consequence, discuss whether the result of the trial would have
been different but for introduction of the evidence in question. We overrule point of error seven.

 For the reasons given, we affirm the trial-court judgment.



 

 John Powers, Justice

Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: May 29, 1996

Do Not Publish

1.   See Penal Code, 63d Leg., R.S., ch. 399, sec. 1, § 19.02,
1973 Tex. Gen. Laws 883, 913, amended by Act of May 28, 1973, 63d
Leg., R.S., ch. 426, art. 2, § 1, 1973 Tex Gen. Laws 1122, 1123
(Tex. Penal Code Ann. § 19.02, since amended).
2.   The body showed four abrasions on the right upper lip, a
bruised nose, a bruised and swollen right lower eyelid, abrasions
on the right cheek and right side of the mouth, and other bruises
and abrasions on the outside and inside of the lips. Her scalp
had three bruises apparently inflicted by striking against a hard
flat surface. Bruises on the hands and wrists indicated an
attempt to ward off blows.
3.   The offense occurred before September 1, 1994, and is
governed by the law in effect at that time. P